William **HAWTHORNE**, Appellant,

v.

**STAR ENTERPRISE, INC.,** Appellee.

No. 06–00–00095–CV.

Court of Appeals of Texas, Texarkana.

Submitted April 3, 2001.

Decided April 26, 2001.

**758**

Joel D. Mallory Jr., Beaumont, for appellant.

Robert J. Hambright, Orgain, Bell & Tucker, LLP, Beaumont, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

ROSS, Justice.

William Hawthorne filed suit against Star Enterprise for wrongful termination. Star moved for summary judgment, and the trial court granted the motion. Hawthorne appeals, contending the summary judgment was improper because it was based on incompetent evidence, because he engaged in a protected activity under the Texas Supreme Court's holding in *Sabine Pilot Serv., Inc. v. Hauck*, 687 S.W.2d 733 (Tex.1985), and because there was a genuine issue of material fact regarding the reason for his termination.

Hawthorne was employed at Star's Port Arthur chemical plant for almost twenty-seven years. At the time of his termination, he was the head operator for the plant's environmental unit and supervised several other operators. The environmental unit included a sour water stripper that "stripped" contaminated water of hazardous chemicals. As one of their job duties, Hawthorne and the other operators gathered samples of the water and sent those samples to a laboratory to be tested for hazardous chemicals.

In October 1997, Star issued a standing order that the environmental operators physically smell the stripped water samples to determine whether the hazardous chemicals had been removed. Hawthorne, fearing the dangerous effects of smelling the sour water, refused to do so and ordered his subordinates not to smell the water. He reported Star's standing order to the Occupational Safety and Health Administration (OSHA) on December 7, 1997.

After his termination, Hawthorne filed suit against Star alleging, as his only cause of action, that he was wrongfully terminated for the sole reason that he refused to perform an illegal act, an exception to at-will employment created by the Texas Supreme Court in *Sabine Pilot,* 687 S.W.2d at 735. However, in his deposition testimony, Hawthorne stated several times that the only reason he was fired was because he reported Star to OSHA.

Using Hawthorne's deposition testimony as evidence, Star moved for summary judgment on the ground that Hawthorne's *Sabine Pilot* claim failed as a matter of law. Star contended that Hawthorne's own testimony that he was fired for reporting Star to OSHA established a reason for his termination besides his refusal to perform an illegal act, thus negating the sole cause requirement of *Sabine Pilot.* The trial court granted summary judgment.

 First, Hawthorne argues that the deposition testimony relied on by the trial court in granting summary judgment was incompetent because his statements regarding the reason for his termination were conclusory. Hawthorne filed a motion to strike deposition testimony with the trial court, and the trial court denied that motion.[1] The admission or exclusion of summary judgment evidence rests within the sound discretion of the trial court, and we review the trial court's decision under an abuse of discretion standard. *Baker v.*

*Gregg County,* 33 S.W.3d 72, 77 (Tex. App.—Texarkana 2000, pet. dism'd).

 Conclusory statements or statements based purely on opinion are not competent summary judgment evidence. *Texas Div.—Tranter, Inc. v. Carrozza,* 876 S.W.2d 312, 314 (Tex.1994); *Cannon v. Texas Indep. Bank,* 1 S.W.3d 218, 225 (Tex.App.—Texarkana 1999, pet. denied). A statement is conclusory if it expresses a subjective belief and gives no factual support for that belief. *Ryland Group, Inc. v. Hood,* 924 S.W.2d 120, 122 (Tex.1996); *Rizkallah v.. Conner,* 952 S.W.2d 580, 587 (Tex.App.—Houston [1st Dist.] 1997, no writ).

Several times during his deposition, Hawthorne stated that he was fired for reporting Star to OSHA.[2] Hawthorne's deposition testimony revealed that one reason Star purported to fire him was for failing to make up an extra vacation day he had taken. Hawthorne stated that the absence

> happened around look like May or something. And then all of a sudden it gets real important on the 24th after I'd got ahold of OSHA and they found out I turned them in. Then they get to trying to find some mess.... This all come up after the fact, after the fact.

Hawthorne stated that the criticism he took from Star on his ability to do his job did not begin until after he reported Star to OSHA. He also stated that the minor disciplinary infractions that Star claimed

---

1. Star argues that Hawthorne did not specifically challenge the trial court's ruling on the motion to strike, and he therefore waived the issue. However, Hawthorne has adequately briefed the issue and brought the issue to this Court's attention. His failure to specifically refer to the trial court's order on the motion to strike deposition testimony does not create a waiver of the issue.

2. "The bottom line is I'd still be there today if I hadn't have turned them into [sic] OSHA for trying to get them to do what was right...."; "Claim they fired me for nit-picking mess when actually they fired me for turning them into [sic] OSHA"; "Bottom line is if I hadn't have turned them in to OSHA, I'd be there today, still be there"; "I'd still be there today, still be there today, if I hadn't have turned them in."

were the cause of his termination were common and typically did not lead to termination. "[Y]ou can drag up somebody else out there and see a folder like that on them. They're still working because they don't turn them in to OSHA. You turn them in to OSHA, they'll fire you if you try to get them to do what's right and practice what they preach." Since Hawthorne recited a specific sequence of events that he believed showed Star's motivation and articulated facts that led him to believe that his call to OSHA caused his termination, we cannot say that his statements were conclusory or that the trial court's refusal to exclude the testimony was an abuse of discretion.

■ Next, Hawthorne argues that even if his testimony was not conclusory and was appropriate evidence for the trial court to consider, summary judgment was improper because that testimony did not disprove his *Sabine Pilot* claim as a matter of law.

In its motion for summary judgment, Star argued that the "sole cause" requirement of *Sabine Pilot* was conclusively disproved by Hawthorne's deposition testimony that he was fired for reporting Star to OSHA. As a general rule, in Texas an employee may be terminated at will. *Montgomery County Hosp. Dist. v. Brown,* 965 S.W.2d 501, 502 (Tex.1998); *East Line & R.R.R. Co. v. Scott,* 72 Tex. 70, 10 S.W. 99, 102 (1888). In *Sabine Pilot,* the Texas Supreme Court created a narrow exception to the employment at will doctrine covering "only the discharge of an employee for the sole reason that the employee refused to perform an illegal act." *Sabine Pilot,* 687 S.W.2d at 735. Hawthorne specifically pled that he was fired for no reason other than his refusal to smell the sour water, an act that he suspected was illegal.

■ To prevail on a motion for summary judgment, a movant must establish that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c). Summary judgment for a defendant is proper when the defendant negates at least one element of each of the plaintiff's causes of action or pleads and conclusively establishes each element of an affirmative defense. *Science Spectrum, Inc. v. Martinez,* 941 S.W.2d 910, 911 (Tex.1997); *Wornick Co. v. Casas,* 856 S.W.2d 732, 733 (Tex.1993). The movant has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Mgmt. Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). In reviewing a summary judgment, we accept all the nonmovant's proof as true and indulge every reasonable inference in the nonmovant's favor. *Science Spectrum,* 941 S.W.2d at 911. We resolve all doubts about the existence of a genuine issue of a material fact against the movant. *Johnson County Sheriff's Posse, Inc. v. Endsley,* 926 S.W.2d 284, 285 (Tex.1996).

■ In order to prevail under a *Sabine Pilot* cause of action, a plaintiff must prove two things: (1) that the plaintiff refused to perform an illegal act, and (2) that this refusal was the only reason that he or she was terminated. At the trial level, neither party made issue of the legality or illegality of smelling the water, so we will assume for the sake of appeal that the first element of *Sabine Pilot* is met. Therefore, to determine whether summary judgment was properly granted, this Court must first determine whether Hawthorne's call to OSHA to report Star's standing order to "smell the water" negated the sole cause requirement of the *Sabine Pilot* exception to at-will employment.

Taking Hawthorne's testimony in the light most favorable to him, as the non-movant, his call to OSHA was not a new and separate act for which he was fired; it was a continuation of his refusal to perform an illegal act. During his deposition, Hawthorne stated that he reported Star to OSHA to "get them to do what's right" and to "[stop] us having to smell the bottoms off that sour water stripper tower." Considering this evidence in the light most favorable to Hawthorne, it shows that his only reason for reporting Star to OSHA was the illegal act required of him, and his refusal to perform that act caused his termination.

In *Sabine Pilot,* the Texas Supreme Court created a very narrow exception to the at-will employment doctrine, and it is not the intent of this Court to extend that doctrine. The public policy principle enunciated in *Sabine Pilot,* protecting employees from being forced to perform an illegal act in order to remain employed, is particularly poignant in this case. What has been extended in the instant case is not the narrow exception of *Sabine Pilot,* but the employee's refusal to perform an illegal act. Hawthorne's refusal consisted of his refusing to smell the sour water, ordering the employees under his direction not to smell the water, and contacting OSHA in an attempt to have the order to "smell the water" rescinded. To hold that an employee's attempt to stop an employer from requiring an employee to perform an illegal act by reporting that act to OSHA negates that employee's cause of action under *Sabine Pilot* would be bad public policy, leaving the employee with no choice but to perform the illegal act or be fired.

In *Johnston v. Del Mar,* the Corpus Christi Court of Appeals stated:

[T]he *Sabine Pilot* exception necessarily covers a situation where an employee has a good faith belief that her employer has requested her to perform an act which may subject her to criminal penalties. Public policy demands that she be allowed to investigate into whether such actions are legal so that she can determine what course of action to take.

*Johnston v. Del Mar Distrib. Co.,* 776 S.W.2d 768, 771 (Tex.App.—Corpus Christi 1989, writ denied). The court ultimately held that when an employee is fired for inquiring into the legality or illegality of an act that she was requested to do, it is immaterial whether that act was actually illegal. *Id.* at 772. On the other hand, in *Ran Ken, Inc. v. Schlapper,* the Austin Court of Appeals refused to follow *Johnston,* holding that to prevail on a *Sabine Pilot* cause of action, the claimant must show that the underlying act was actually illegal. *Ran Ken, Inc. v. Schlapper,* 963 S.W.2d 102, 106 (Tex.App.—Austin 1998, pet. denied). In the present case, however, there is no dispute over the legality of smelling the water, and Hawthorne's act of calling OSHA was simply a continuation of his refusal to perform the illegal act.

Star argues that if this Court considers Hawthorne's call to OSHA as proper evidence of his *Sabine Pilot* claim, we would effectively create a private whistleblower cause of action under the guise of a *Sabine Pilot* claim when Texas only recognizes the right of a *public* employee to bring a whistleblower claim. TEX. GOV'T CODE ANN. § 554.002 (Vernon Supp.2001); *Austin v. Healthtrust, Inc.—The Hosp. Co.,* 967 S.W.2d 400 (Tex.1998). However, not every report to OSHA by an employee is of an illegal act, and if such report *is* of a required performance of an illegal act, then the reporting employee has his or her *Sabine Pilot* cause of action whether or not it was reported to OSHA. Hawthorne presented summary judgment evidence that he was terminated only because he and other employees under his supervision

were required by their employer to perform an illegal act. He should not be precluded from asserting his *Sabine Pilot* claim merely because he reported his employer's conduct to a federal agency in order to get the conduct stopped. The summary judgment evidence raises a fact issue that should be submitted to the jury as to whether Hawthorne was terminated only for refusing to perform an illegal act.

■ As further evidence of that fact issue, Hawthorne's deposition testimony was controverted (ironically) by the deposition testimony of one of Star's witnesses, Allen Paul Trahan, Jr. Trahan was Hawthorne's supervisor and one of the corporate officers who made the decision to fire Hawthorne. During Trahan's deposition, the following exchange occurred:

Q. Okay. So, summation, any complaints that he may have—might have made to OSHA had absolutely do [sic], in your opinion—I mean, in your mind, since—with his termination from Star?

A. I had no idea of a—or no knowledge of an OSHA complaint or incident.

Q. So, therefore, when you-all sat down and decided to terminate his employment, that wasn't even a factor, was it?

A. No, sir.

Since this testimony directly conflicts with the testimony of Hawthorne, there is a fact issue as to whether Hawthorne's OSHA complaint had any impact on his termination at all.

Since Star did not meet its burden of proving that it was entitled to judgment as a matter of law, summary judgment was improper.[3]

The judgment is reversed, and the case is remanded for trial.

---

**3.** Because Star's motion for summary judgment was a traditional motion for summary judgment and not a no-evidence motion, Hawthorne need not have shown, and we need not address, whether there was some evidence in the record showing that Hawthorne was terminated for refusing to do an illegal act.