NO. 07-02-0458-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JULY 23, 2003

_____

WILLIAM HAWTHORNE, APPELLANT

V.

STAR ENTERPRISE, INC., APPELLEE

_____

FROM THE 60TH DISTRICT COURT OF JEFFERSON COUNTY;

NO. B-160,501; HONORABLE GARY SANDERSON, JUDGE

_____

**MEMORANDUM OPINION**

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

Presenting five issues, William Hawthorne requests we reverse and remand for trial the summary judgment rendered upon consideration of Star Enterprise, Inc.'s second motion for summary judgment,[1] that he take and recover nothing by his action seeking

_____

[1]The judgment does not specify or state the ground upon which it was based.

damages against Star for his wrongful discharge because he refused to perform an illegal act. By his issues, Hawthorne contends (1) Simmons Airlines v. Lagrotte[2] is not applicable; (2) Star did not establish as a matter of law without factual issues that Hawthorne was a just cause employee; (3) Star did not establish as a matter of law without factual issues that the collective bargaining agreement provided contractual safeguards for being wrongfully terminated; (4) the Labor Management Relations Act does not preempt his *Sabine Pilot*[3] cause of action; and (5) the trial court erred by granting summary judgment on issues that should have been presented by special exception. Based upon the rationale expressed herein, we affirm.

Hawthorne was employed by Star at its refinery in Port Arthur and served as an assistant operator and head operator in the sulfur complex of the refinery. Contending he was an at-will employee, asserting only one cause of action based on *Sabine Pilot*, Hawthorne alleged (1) he and his crew were ordered by Star to commit an allegedly illegal act of smelling water samples[4] for the purpose of determining the presence of ammonia; (2) he refused to smell the water samples and would not allow his crew to do so; and (3)

---

[2]50 S.W.3d 748 (Tex.App.--Dallas 2001, pet. denied).

[3]Sabine Pilot Service, Inc. v. Hauck, 687 S.W.2d 733, 735 (Tex. 1985).

[4]The water samples were taken after the water had been processed through a unit designed to remove hazardous substances such as ammonia, hydrogen sulfide, phenol, and water metallic sulfides.

2

as a result of his refusal, his employment was terminated. To establish his claim for wrongful termination under *Sabine Pilot*, Hawthorne had the burden to establish:

- he refused to perform an illegal act; and
- his refusal was the only reason he was terminated.

*See Sabine Pilot*, 687 S.W.2d at 735; Hawthorne v. Star, 45 S.W.3d 757, 761 (Tex.App.–Texarkana 2001, pet. denied). By its amended answer, in addition to a general denial, which was effective to put Hawthorne on proof of every fact essential to his case, *see* Shell Chemical Company v. Lamb, 493 S.W.2d 742, 744 (Tex. 1973), Star alternatively alleged that Hawthorne's claims were (1) preempted by the Labor Management Relations Act,[5] (2) barred in whole or in part by the six-month *DelCostello*[6] limitations period, and (3) barred by his failure to exhaust grievance and arbitration provisions under the applicable collective bargaining agreement.

The summary judgment based on Star's first traditional motion was reversed and remanded on first appeal. *See Hawthorne*, 45 S.W.3d at 757. The clerk's record presented here does not include Star's first motion for summary judgment; however, according to the Texarkana Court's opinion, the ground for Star's first motion asserted Hawthorne's *Sabine Pilot* claim failed as a matter of law because there was some

---

[5]29 U.S. § 185(a).

[6]DelCostello v. International Bhd. of Teamsters, 462 U.S. 151, 170-71, 103 S.Ct. 2282, 76 L.Ed.2d 476 (1983).

3

summary judgment evidence negating the sole cause requirement of a *Sabine Pilot* claim. 45 S.W.3d at 759. Noting that neither party made an issue of the legality or illegality of smelling the water, the court concluded the first element of a *Sabine Pilot* claim was met for purposes of the appeal. Then, by footnote, the court noted it did not address whether there was some evidence that Hawthorne was terminated for refusing to do an illegal act because a no-evidence motion was not presented. *Id*. at 762 n.3.

Star's second motion was a combination traditional and no-evidence motion for summary judgment. By its first traditional ground, Star contended the *Sabine Pilot* exception to the employment-at-will doctrine was inapplicable because Hawthorne's employment was covered by the collective bargaining agreement. As its second traditional ground, Star contended Hawthorne's claims were preempted by section 301 of the Labor Management Relations Act and barred by his failure to exhaust grievance and arbitration provisions. Then, by its no-evidence motion, Star contended "there is no evidence supporting applicability of a criminal statute that [Hawthorne] was discharged for refusing to violate."[7] Because the grounds of the second motion were not presented in the first motion, the law as stated in the first appeal reversing summary judgment does not control our disposition of this appeal. *See* Glenn v. Prestegord, 456 S.W.2d 901, 902 (Tex. 1970); *see also* Allstate Insurance Company v. Smith, 471 S.W.2d 620, 622 (Tex.Civ.App.--El Paso 1971, no writ). We commence our review by considering Hawthorne's fifth issue.

---

[7]By issues one, two, three, and four, Hawthorne addresses Star's two traditional summary judgment grounds and by issue five, he addresses Star's no-evidence ground.

## No-Evidence Summary Judgment Standard of Review
## Rule 166a(i)

Rule 166a(i) entitled "No-Evidence Motion," provides that a party may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. Where, as here, the summary judgment does not specify or state the grounds relied on, it will be affirmed on appeal if any of the grounds presented in the motion are meritorious. Carr v. Brasher, 776 S.W.2d 567, 569 (Tex. 1989); Insurance Co. Of N. Am. v. Security Ins., 790 S.W.2d 407, 410 (Tex.App.–Houston [1st Dist.] 1990, no writ). Where a motion is presented under Rule 166a(i) asserting there is no evidence of one or more essential elements of the non-movant's claims upon which the non-movant would have the burden of proof at trial, the movant does not bear the burden of establishing each element of its own claim or defense as under subparagraph (a) or (b). Rather, although the non-moving party is not required to marshal its proof, it must present evidence that raises a genuine fact issue on the challenged elements. *See* Tex. R. Civ. P. 166a, Notes and Comments.

Because a no-evidence summary judgment is essentially a pretrial directed verdict, we apply the same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict. Roth v. FFP Operating Partners, 994 S.W.2d 190, 195 (Tex.App.--Amarillo 1999, pet. denied); Jackson v. Fiesta Mart, Inc., 979

S.W.2d 68, 70 (Tex.App.--Austin 1998, no pet.). Thus, our task as an appellate court is to ascertain whether the non-movant produced any evidence of probative force to raise a fact issue on the material questions presented. *Id*. We consider all the evidence in the light most favorable to the party against whom the no-evidence summary judgment was rendered, disregarding all contrary evidence and inferences. Merrill Dow Pharmaceuticals v. Havner, 953 S.W.2d 706, 711 (Tex. 1997), *cert*. *denied*, 523 U.S. 1119, 118 S.Ct. 1799, 140 L.Ed.2d 939 (1998). A no-evidence summary judgment is improperly granted if the non-movant presents more than a scintilla of probative evidence to raise a genuine issue of material fact. *Fiesta Mart, Inc.*, 979 S.W.2d at 70-71. More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Havner*, 953 S.W.2d at 711.

By his fifth issue directed to Star's no-evidence ground, Hawthorne contends the trial court erred in granting summary judgment on issues that he contends should have been presented by special exception. We disagree. Because this issue implicates the text and substance of Star's no-evidence motion, and to demonstrate our analysis, we set out the complete text of that portion of the motion.

### C. Plaintiff Presents No Evidence of Applicability of Criminal Statute.

Before a *Sabine Pilot* case may go to the jury, the trial judge must "determine if a statute with a criminal penalty is involved." *Sabine Pilot Service, Inc. v. Hauck,* 687 S.W.2d 733, 736 (Tex. 1985) (Kilgarlin, concurring)*.* Despite adequate time for discovery, there is *no evidence* supporting applicability of a criminal statute that plaintiff was discharged for

6

refusing to violate. For this additional reason, plaintiff has no case and summary judgment should be granted in defendant's favor.

(Emphasis added). This ground comports with Hawthorne's response and objection in the trial court. Hawthorne is correct in his contention that a summary judgment should not be used to test pleadings. *See* Alashmawi v. IBP, Inc., 65 S.W.3d 162, 174 (Tex.App--Amarillo 2001, pet. denied), citing Massey v. Armco Steel Co., 652 S.W.2d 932, 934 (Tex. 1983). However, Star's motion was not an attack on Hawthorne's pleadings. Under *Sabine Pilot,* the narrow exception to the at-will doctrine exists only where the employee is discharged because "the employee refused to perform an illegal act." Because Hawthorne did not contend in the trial court and does not argue here that the motion did not comply with Rule 166a(i) of the Texas Rules of Civil Procedure, or that it failed to give him fair notice, *see* Roth v. FFP Operating Partners, 994 S.W.2d 190,194 (Tex.App.--Amarillo 1999, pet. denied), we conclude Star's motion was sufficient to impose the burden on Hawthorne to respond with summary judgment evidence showing the existence of any fact questions which, if found, would constitute proof of the elements of any offense.

Hawthorne did not present any summary judgment evidence addressing the no-evidence motion or presenting a fact question that smelling the water samples would constitute proof of the elements of any offense. Moreover, even if Hawthorne's claim that smelling the water samples taken after the water had been processed by the "stripping unit" implicated an illegal act, a question we do not decide, he did not produce any summary judgment evidence creating a fact issue that the samples contained hazardous

7

materials, if smelled. Further, although the Material Safety Data Sheet suggests that inhaling $H_2S$,[8] commonly known as "rotten egg" gas, can cause "headache, dizziness, nausea, vomiting, and diarrhea" if the concentration of $H_2S$ is at a certain level, Hawthorne did not present any summary judgment evidence creating a fact question that the concentration of $H_2S$ was sufficient to cause any of the conditions mentioned. Hawthorne's fifth issue is overruled.

Because the judgment does not specify or state the ground upon which it is based, and should be affirmed on appeal if any of the grounds presented are meritorious, *see* *Carr*, 776 S.W.2d at 569 and *Insurance Co. of N. Am.*, 790 S.W.2d at 410, our disposition of Hawthorne's fifth issue addressing the no-evidence ground renders our consideration of his remaining issues unnecessary.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice

---

[8]Hydrogen sulfide.

8