COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-149-CV

RICHARD MOON, JR. APPELLANT

V.

STAR-TELEGRAM OPERATING, LTD. APPELLEE

------------

FROM THE 17TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Richard Moon, Jr. (“Appellant”) appeals the trial court’s summary judgment in favor of Star-Telegram Operating, Ltd. (“Appellee”).  We affirm.

BACKGROUND

Appellant sued Appellee for libel, slander, and wrongful termination. Appellee terminated Appellant’s employment as a senior staff photographer in April 2004 for falsifying his expense report.  Appellant claimed that this termination was wrongful, arguing that he did not falsify his expense report, and he contended that Appellee’s supervisors and managers slandered him by telling third parties that he did.  Appellee moved for a traditional and no- evidence summary judgment.  Appellant filed a response, attaching his own evidence and incorporating the evidence that Appellee filed with its motion.
(footnote: 2) 

SUMMARY JUDGMENT

In his sole issue, Appellant contends that the trial court erred by granting summary judgment in favor of Appellee.
(footnote: 3)  Specifically, Appellant argues that 

“there are material issues of fact that should be decided by a jury” (subissue 1), that the method used by Appellee to terminate him should be an exception to

the at-will doctrine of Texas employment law (subissue 2), and that Appellee’s actions slandered him (subissue 3).  We will address his wrongful termination and slander claims first, to evaluate whether Appellant has presented any genuine issues of material fact with regard to those claims.

Standard Of Review

After an adequate time for discovery, the party without the burden of proof may, without presenting evidence, move for summary judgment on the ground that there is no-evidence to support an essential element of the nonmovant’s claim or defense.  
Tex. R. Civ. P. 
166a(i).  The motion must specifically state the elements for which there is no evidence.  
Id
.; 
Johnson v. Brewer & Pritchard, P.C.
, 73 S.W.3d 193, 207 (Tex. 2002).  When reviewing a no-evidence summary judgment, we examine the entire record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the movant.  
Sudan v. Sudan
, 199 S.W.3d 291, 292 (Tex. 2006).  The trial court must grant the motion unless the nonmovant produces summary judgment evidence that raises a genuine issue of material fact.  
See
 
Tex. R. Civ. P
. 166a(i) & cmt.; 
Sw. Elec. Power Co.
, 73 S.W.3d 211, 215 (Tex. 2002).

If the nonmovant brings forward more than a scintilla of probative evidence that raises a genuine issue of material fact, then a no-evidence summary judgment is not proper.  
Moore v. K Mart Corp
., 981 S.W.2d 266, 269 (Tex. App.—San Antonio 1998, pet. denied).  “Less than a scintilla” exists when the evidence is so weak as to do no more than create a mere surmise or suspicion of a fact.  
King Ranch v. Chapman
, 118 S.W.3d 742, 751 (Tex. 2003), 
cert. denied
, 541 U.S. 1030 (2004).  “More than a scintilla“ exists when the evidence would enable reasonable and fair-minded people to reach different conclusions.  
Ford Motor Co. v. Ridgway
, 135 S.W.3d 598, 601 (Tex. 2004); 
Merrell Dow Pharm., Inc. v. Havner
, 953 S.W.2d 706, 711 (Tex. 1997), 
cert. denied
, 523 U.S. 1119 (1998).  A genuine issue of material fact is raised by presenting evidence on which a reasonable jury could return a verdict in the nonmovant’s favor.  
Moore
, 981 S.W.2d at 266; 
see also Anderson v. Liberty Lobby, Inc
., 477 U.S. 242, 255-56, 106 S. Ct. 2505, 2513-14 (1986) (interpreting 
Fed. R. Civ. P. 
56).

Texas Rule of Civil Procedure 166a does not prohibit a party from combining in a single motion a request for traditional summary judgment and  a request for no-evidence summary judgment.  
See
 
Tex. R. Civ. P. 
166a(c), (i); 
Binur v. Jacobo
, 135 S.W.3d 646, 650 (Tex. 2004).  When, as here, a party moves for summary judgment under both rules 166a(c) and 166a(i), we will first review the trial court’s judgment under the no-evidence standards of rule 166a(i).  
Ford Motor Co.
, 135 S.W.3d at 600.  If the nonmovant failed to produce more than a scintilla of evidence under that burden, then there is no need to analyze whether the summary judgment proof satisfied the traditional summary judgment test of rule 166a(c).  
Id
.  When, as here, a trial court’s order granting summary judgment does not specify the ground or grounds relied on for its ruling, summary judgment will be affirmed on appeal if any of the theories presented to the trial court and preserved for appellate review are meritorious.  
Provident Life & Accident Ins. Co. v. Knott
, 128 S.W.3d 211, 216 (Tex. 2003); 
Star-Telegram, Inc. v. Doe
, 915 S.W.2d 471, 473 (Tex. 1995). 

Wrongful Termination

With regard to Appellant’s wrongful termination claim, it is well settled that employment for an indefinite term may be terminated at will and without cause.  
See Tex. Farm Bureau Mut. Ins. Cos. v. Sears
, 84 S.W.3d 604, 608 (Tex. 2002);  
Morales v. SimuFlite Training Intern., Inc
., 132 S.W.3d 603, 608 (Tex. App.—Fort Worth 2004, no pet.); 
Burt v. City of Burkburnett
, 800 S.W.2d 625, 626 (Tex. App.—Fort Worth 1990, writ denied).  An employer generally can terminate an at-will employee for any reason or no reason at all, as long as the reason is not illegal.  
See Mission Petroleum Carriers, Inc. v. Solomon
, 106 S.W.3d 705, 715 (Tex. 2003) (noting that the 
Sears
 court
 refused to limit the scope of the at-will doctrine by declining to recognize a cause of action for negligent investigation of an at-will employee’s alleged misconduct
); 
Sabine Pilot Serv. Inc. v. Hauck
, 687 S.W.2d 733, 735 (Tex. 1985).  In 
Sabine Pilot
, the Texas Supreme Court recognized
 only one limited common-law exception to the at-will employment doctrine.
(footnote: 4)  
See City of Midland v. O’Bryant
, 18 S.W.3d 209, 215 (Tex. 2000); 
Sabine Pilot
, 687 S.W.2d at 735.  The 
Sabine Pilot 
court held that an employer may not discharge an employee for the sole reason that the employee refused to perform an illegal act that carried criminal penalties.  687 S.W.2d at 735.

Appellant does not contend that the 
Sabine Pilot
 exception applies to him, and he does not dispute that he was an at-will employee.
(footnote: 5)  Instead, he argues that we should create an exception to the at-will doctrine for his facts.
(footnote: 6)  To support his proposition, he cites a number of cases; however, these cases are inapposite because they address breach of contract rather than at-will employment.
(footnote: 7)
 An at-will employer does not incur liability for carelessly forming its reasons for termination.  
Wal-Mart Stores, Inc. v. Canchola
, 121 S.W.3d 735, 740 (Tex. 2003); 
Sears
, 84 S.W.3d at 609.  Nevertheless, there is no evidence in the record that would support an argument that Appellant’s supervisors carelessly formed their decision to terminate him for falsifying his expense report.  Ellen Alfano, Appellee’s Managing Editor/Sports, was the head of Appellant’s department.  Max Faulkner, Appellee’s Director of Photography, and Bruce Maxwell, Appellee’s Photo Editor, were Appellant’s supervisors.  Byars was Appellee’s Director of Human Resources.  The affidavits of Byars, Alfano, Faulkner, and Maxwell, attached by Appellee to its motion and adopted by Appellant, establish that in April 2004, these individuals believed that Appellant had submitted an expense report that requested reimbursement for expenses that he had not incurred.

Faulkner stated that in March or April 2004, he reviewed the expense report submitted by Appellant for travel expenses incurred between February 18, 2004 and March 23, 2004, that he became suspicious because the expense report was much higher than expected, and that he brought his suspicions to Alfano, who directed him to look into the matter.  Alfano’s statements in her affidavit mirror Faulkner’s.

Faulkner stated that he calculated the mileage to the locations claimed by Appellant and multiplied this number by the amount Appellee reimbursed employees per mile, $.28, and that his results equaled $192.08, far less than the $599.20 requested by Appellant.  He provided Alfano a copy of his calculations and his comparison of Appellant’s travel expenses to that of Appellee’s other photographers, and he attached those documents to his affidavit.
(footnote: 8) Alfano also attached to her affidavit the expense report, with Faulkner’s calculations and the comparative expenses of other department personnel that Faulkner provided her, and she stated that after Faulkner reported to her the results of his investigation, she discussed the results with Maxwell.  Alfano and Maxwell’s affidavits both state that, per their discussion, they decided that Appellee should terminate Appellant based on the expense report.

In his deposition, Appellant testified that he did not falsify any records or steal any money from Appellee and that he was fired for falsifying records and theft, but when asked why 
he
 believed Appellee fired him, he replied, “I have no idea.”
(footnote: 9)  Appellant states that he filed his expense report requesting $599.20 on March 23, 2004, and that he was terminated on April 16, 2004; Appellee does not dispute this.  Appellant attached to his response a copy of a check dated April 20, 2004, payable to him from Appellee, for $599.20, the full amount he had requested in the expense report.
(footnote: 10)  He contends that this check “suggests there is no proof that the expense report was false, and that Appellee used this false reason to illegally terminate [Appellant] and defame him in his work community.”  He also attached a copy of a fax sent to Appellee from the Texas Workforce Commission (“TWC”) dated May 12, 2004, stating that he was entitled to unemployment benefits and that, per TWC’s investigation, “the incident your employer discharged you for was not misconduct connected with the work.”  There is no explanation in this fax of the incident referred to, of the misconduct, how TWC arrived at its conclusion, or whether Appellee appealed TWC’s decision.
(footnote: 11)

A party cannot avoid summary judgment by relying on circumstantial evidence that is equally consistent with the nonexistence of the fact the party seeks to prove.  
Soodeen v. Rychel
, 802 S.W.2d 361, 363 (Tex. App.—Houston [1st Dist.] 1990, writ denied); 
see also Hammerly Oaks, Inc. v. Edwards
, 958 S.W.2d 387, 392 (Tex. 1997) (holding that “meager circumstantial evidence” that could give rise to any number of inferences, none more probable than another, is no evidence of an ultimate fact issue).  Appellant presented no evidence that Appellee’s payment was authorized by the people in his department in spite of their decision to terminate his employment or of any communication between those people and the department that issued the check.
(footnote: 12) 

By definition, the employment-at-will doctrine does not require an employer to be reasonable, or even careful, in making its termination decisions.  
Sears
, 84 S.W.3d at 609.  As long as its reason for terminating Appellant was not illegal, Appellee could have fired him, an at-will employee, for falsifying his expense report or for no reason at all.  
See id. 
 Appellant has not alleged an illegal reason for his termination.  

With regard to Appellant’s exception argument, it is not sufficient for Appellant to present evidence that the expense report investigation was imperfect, incomplete, or arrived at a possibly incorrect conclusion; he must show both that the reason given by Appellee for his termination was false 
and
 allege the real, illegal reason for his termination. 
 See Canchola
, 121 S.W.3d at 740 (stating, with regard to disability employment discrimination claim, that the plaintiff had to show that the reason given by his employer for termination was false and that the discrimination was the real reason); 
see also St. Mary’s Honor Ctr. v. Hicks
, 509 U.S. 502,  515, 113 S. Ct. 2742, 2752 (1993) (stating, with regard to racial employment discrimination, a plaintiff cannot put forth a reason as a pretext for discrimination unless he can show both that the reason was false and that discrimination was the real reason).  Appellant has not brought forth more than a scintilla of evidence that the reason given by Appellee for his termination was false, nor has he alleged or identified any “real reason” for his termination.
(footnote: 13)  
See King Ranch
, 118 S.W.3d at 751.  Therefore, we conclude that the trial court did not err by granting Appellee’s no-evidence summary judgment motion on Appellant’s wrongful termination claim.  We overrule Appellant’s second subissue. 

Slander 

To recover for defamation, Appellant, a private individual, had the burden to prove that Appellee (1) published a statement; (2) that was defamatory to Appellant; (3) while acting negligently with regard to the statement’s truth.  
See WFAA-TV, Inc. v. McLemore
, 978 S.W.2d 568, 571 (Tex. 1998), 
cert. denied
, 526 U.S. 1051 (1999).  Slander is defamation that is orally published to a third party without legal excuse.  
Randall’s Food Markets, Inc. v. Johnson
, 891 S.W.2d 640, 646 (Tex. 1995);  
AccuBanc Mortg. Corp. v. Drummonds
, 938 S.W.2d 135, 147 (Tex. App.—Fort Worth 1996, writ denied). 

Appellant’s Allegations Pertaining To Appellee’s Supervisors And Managers

Appellant argues that Appellee’s supervisors and managers, specifically Alfano, Faulkner, Byars, and Maxwell, slandered him by telling Appellee’s other employees and people outside of Appellee’s company that Appellant had falsified his expense report.  Per our discussion above with regard to Appellant’s wrongful termination claim, Appellant presented no evidence that would create a genuine issue of material fact pertaining to these individuals and any negligent acts by them with regard to the truth of any alleged statements about Appellant’s termination.  
See
 
Tex. R. Civ. P. 
166a(i).  After reviewing the entire record in the light most favorable to Appellant, we conclude that his slander claim with regard to Appellee’s supervisors and managers fails for this reason, among others.
(footnote: 14)  
See Sudan
, 199 S.W.3d at 292.  We overrule this portion of Appellant’s third subissue.

Appellant’s Allegation Pertaining To Sharon Ellman And Mike Mulvey

Appellant also contends that Sharon Ellman,
(footnote: 15) one of Appellee’s part-time photographers, told Mike Mulvey, a staff photographer from the 
Dallas Morning News
, about the circumstances of Appellant’s termination.  Appellant testified that when he was doing freelance work for the 
Dallas Morning News
, “I had heard that one Sharon Steinman . . . had visited with one of the 
[Dallas] Morning News 
photographers,” but that he did not “know the facts of what they talked about” because when he talked with Mulvey, “[Mulvey] was concerned about getting her in trouble.”  He testified that his conversation with Mulvey was at the 
Dallas Morning News 
in the commons area two or three weeks after his termination because he had “just started freelancing,” and that the conversation was a chance encounter that only lasted for a minute or two.

Appellant testified that his conversation with Mulvey transpired as follows:

I asked [Mulvey] if . . . Sharon talked to him.  He said, yes.  I asked, . . . was—it was about my termination.  I said, “What did she say.”  He said, “I really don’t want to talk about it.  I don’t want to get her in trouble.”  I kind of left it at that time.

Appellant testified that he told Mulvey afterwards that he was terminated from Appellee and that he had been falsely accused of falsifying records, an expense report.

Appellee attached Ellman’s affidavit to its motion and Appellant incorporated it into his own summary judgment evidence.  Ellman testified in her affidavit that she had never stated to, or discussed with, Mike Mulvey, or any other employee of the 
Dallas Morning News
, or anyone else, the reason that Appellee terminated Appellant’s employment, and that she did not, in fact, know why Appellant had been terminated.

Appellant failed to establish both that a statement was published and that it was published to some third person.  
See Drummonds
, 938 S.W.2d at 147. Ellman’s statement that she did not know why Appellant had been terminated and that she never said anything to Mulvey or anyone else about why Appellant was terminated is uncontroverted by Appellant’s testimony about his conversation with Mulvey.
(footnote: 16)  The substance of anything Ellman might have otherwise said to Mulvey, given Appellant’s synopsis, is absent from the record. Mulvey’s own testimony, or an affidavit from him, is also absent from the record.  Therefore, we overrule this portion of Appellant’s third subissue.

Appellant’s Compelled Self-Publication Argument

Finally, Appellant has asserted that he was compelled, and would continue to be compelled, to repeat Appellee’s alleged defamatory remarks to third persons when seeking employment.  He also contends that when “confronted by other photographers of Appellee and of the 
Dallas Morning News 
as to what happened,” he has had to repeat the alleged defamation “in order to defend himself against Appellee’s false claims.”
(footnote: 17)
 We have held that, ordinarily, communication of defamatory statements directly to the defamed person, who then himself communicates them to a third party, is not publication or, more accurately, is not self-publication of the defamatory statements.  
Drummonds
, 938 S.W.2d at 147-48; 
see also Doe v. SmithKline Beecham Corp
., 855 S.W.2d 248, 259 (Tex. App.—Austin 1993), 
aff’d as modified on other grounds
, 903 S.W.2d 347 (Tex. 1995).  Self-publication does occur, however, (1) if the defamed person’s communication of the defamatory statements to the third person was made without an awareness of their defamatory nature and (2) if the circumstances indicated that communication to a third party was likely.  
Drummonds
, 938 S.W.2d at 148 (citing 
Restatement (Second) of Torts 
§ 577 cmt. m (1977)).

Appellant refers us to 
Chasewood Construction Co. v. Rico
, 696 S.W.2d 439 (Tex. App.—San Antonio 1985, writ ref’d n.r.e.), and 
First State Bank of Corpus Christi v. Ake
, 606 S.W.2d 696 (Tex. Civ. App.—Corpus Christi 1980, writ ref’d n.r.e.), to support his argument under “the doctrine of compelled self-publication,” and, by inference, invites us to reconsider our holding in 
Drummonds
.

In 
Drummonds
, we reviewed the “pure foreseeability” test those cases set forth, observing that the courts in both of those cases held that self-publication occurs if the defamed person communicates the defamatory statements to a third party and the surrounding circumstances indicate that the communication was likely.  938 S.W.2d at 149.  We noted that, although both cases relied on comment m to section 577 of the Restatement (Second) of Torts,
“[i]nexplicably, however, neither of these courts addressed the first prong of the self-publication test that is set forth in comment m.”  
Id
.  Persuaded more by the 
Doe
 opinion, which adopted comment m in its entirety, we declined to follow 
Rico
 or 
Ake
, and Appellant has presented us with no argument upon which to change our position.  
Id
.

Like the plaintiff in 
Doe
, who alleged that publication occurred when she felt compelled to explain to other potential employers the withdrawal of another potential employer’s offer, based on her failure of a drug test, Appellant contends that he has been compelled to repeat that he was terminated for falsifying his expense report.  
See Doe
, 855 S.W.2d at 251, 259.  The 
Doe
 court held that because Doe immediately knew of the defamatory implications of the statement, she failed the first part of the two-part test, and, additionally, although she claimed that she felt compelled to disclose the statements, there was no indication that she was compelled by law or other authority to repeat the statements made by the first potential employer about the drug test failure.  
Id
. at 259. 

Appellant’s contentions make it apparent that he was aware that the allegation that he falsified his expense report, if untrue, was defamatory, failing the first part of the two-part test.
(footnote: 18)  
See
 
Drummonds
, 938 S.W.2d at 148.  Additionally, although the circumstances surrounding Appellant’s subsequent job search after termination tended to indicate that communication to a third party was likely, all of Appellant’s testimony in the record about revealing the reason for his termination appears to be preemptive.  
See id. 
 We conclude that Appellant’s slander argument fails with regard to self-publication.  
See id. 
 We overrule this portion of Appellant’s third subissue.

Appellant’s Remaining Fact Issues

Appellant listed the following as genuine issues of material fact that should have precluded summary judgment: (1) whether Appellant falsified his expense report; (2) why Appellant was terminated; (3) why Appellee paid in full the expenses it claims Appellant falsified; (4) whether Appellee’s employees communicated to third parties that Appellant was terminated for falsifying his expense report; (5) whether Appellant was wrongfully terminated by Appellee if he did not actually falsify his expense report; and (6) whether Appellee wrongfully terminated Appellant for an illegal reason.  Because we have concluded that Appellant did not produce sufficient evidence to survive summary judgment on his claims of wrongful termination and slander, and given our disposition of his second and third subissues above, we need not address these contentions.  
See
 
Tex. R. App. P. 
47.1.

CONCLUSION

Having overruled Appellant’s sole issue, we affirm the judgment of the trial court.

DIXON W. HOLMAN

JUSTICE

PANEL A:  CAYCE, C.J.; HOLMAN and MCCOY, JJ.

DELIVERED:  August 31, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.

2:
After the trial court granted Appellee’s motion, Appellant filed a motion for new trial or for reconsideration and attached his entire deposition and the complete Texas Workforce Commission file on his case.  This motion was overruled by operation of law, and Appellant does not contest its denial on appeal; therefore, we consider only the material on file with the trial court as of the time the summary judgment was granted.  
Brookshire v. Longhorn Chevrolet Co.
, 788 S.W.2d 209, 213 (Tex. App.—Fort Worth 1990, no writ); 
see also Rodgers v. Comm’n for Lawyer Discipline
, 151 S.W.3d 602, 609 (Tex. App.—Fort Worth 2004, pet. denied) (stating that when reviewing a no- evidence summary judgment motion, the court may consider only the summary judgment record); 
St. Paul Cos. v. Chevron U.S.A., Inc.
, 798 S.W.2d 4, 6 (Tex. App.—Houston [1st Dist.] 1990, writ dism’d by agr.) (stating that the appellate court may consider only the evidence on file before the trial court at the time of the summary judgment hearing).   

3:
Appellant alleged libel, slander, and wrongful termination in his petition but challenges the summary judgment only on his slander and wrongful termination claims.  He acknowledged in his deposition and in his motion for new trial that there were no written documents.

4:
Appellant did not refer the trial court, or this court, to any statutory exceptions that might otherwise apply to his facts.

5:
Matthew Byars, Appellee’s Director of Human Resources and the custodian of records for that department, attached to his affidavit the copy of Appellee’s offer letter to Appellant.  At his deposition, Appellant identified the letter and testified that he signed it, indicating that he accepted its conditions and that at-will employment was a condition he had agreed to, and that to his knowledge, Appellee had never given him anything in writing to change his status from employee at will to something else.

6:
Specifically, Appellant contends that 

it should be an exception to the at-will doctrine of employment law where an employer falsely accuses an employee of being a thief, terminates the employee based on the false accusation, and then, after the termination of the employee, pays the employee the full amount of the employees claim for compensation on his [allegedly falsified] Expense Report.

7:
Appellant states, “In Texas when an employer assigns grounds for discharge of an employee it cannot later justify the termination on grounds that were not made the basis of the termination at the time of the discharge.” In support of this proposition, he cites 
Levy v. Jarrett
, 198 S.W. 333, 335 (Tex. Civ. App.—Amarillo 1917, no writ) (addressing misconduct in a breach of employment contract case), 
Measday v. Kwik-Kopy Corp
., 713 F.2d 118 (5th Cir. 1983) (same), and 
Phoenix Insurance Co. v. Ross Jewelers, Inc
., 362 F.2d 985, 988 (5th Cir. 1966) (addressing breach of insurance contract).  These cases are inapposite because Appellant testified that he was an at-will employee.

8:
Appellant complains that Appellee had no basis for the figures calculated by Faulkner regarding Appellant’s expense report.  However, because he did not secure a ruling on this objection, he has waived it.  
See
 
Tex. R. App. P. 
33.1(a); 
Bushell v. Dean
, 803 S.W.2d 711, 712 (Tex. 1991) (op. on reh’g); 
Frazier v. Yu
, 987 S.W.2d 607, 610 (Tex. App.—Fort Worth 1999, pet. denied).  We also observe that the calculations described by Faulkner in his affidavit (dividing the amount requested by Appellant by $.28 to get Appellant’s total mileage per destination and then comparing that mileage to actual mileage calculated for Appellant’s destinations) adequately explain the numbers that Appellant complains have no basis.

9:
When asked whether he would agree that it was an appropriate reason to terminate an employee if that employee falsified an expense account, Appellant replied, “When they falsify it, when it’s a blatant lie.  I mean, just faking it,” and “if they falsified and lied on a document.”

10:
Because Appellee did not file any cross-points with regard to Appellant’s evidence and because we must assume that the trial court considered it, as the court referenced only “evidence” and not “admissible evidence” in its summary judgment order, we review Appellant’s evidence attached to his response without regard to its admissibility.  
Cf. Gilbert v. General Motors Corp.
, No. 2-05-00243-CV, 2006 WL 1714040, at *1, *4 (Tex. App.—Fort Worth June 22, 2006, no pet.) (mem. op.) (reviewing documents attached without affidavit to nonmovant’s response to no-evidence summary judgment for admissibility where trial court’s order included language about “admissible summary judgment evidence”). 

11:
Appellant also attached his responses to Appellee’s interrogatories as evidence to defeat Appellee’s summary judgment motion.  However, answers to interrogatories may be used only 
against 
the responding party.  
See 
Tex. R. Civ. P. 
197.3.  We may not consider his own interrogatory responses as evidence to support his contentions.  
See Yates v. Fisher
, 988 S.W.2d 730, 731 (Tex. 1998); 
Belteton v. Desco Steel Erectors & Concrete, Inc.
, 222 S.W.3d 600, 603, 609 (Tex. App.—Houston 
[14th Dist.] 2007, no pet. h.).

12:
The signature on the check appears to be by “Byron Ty,” as near as we can tell, but it is obviously different from the names of Appellant’s supervisors and department head, that supplied the expense report falsification as the reason for Appellant’s termination.

13:
Although Appellant contends that Appellee began treating him “differently than other similarly-situated employees,” he does not ascribe any basis, illegal or otherwise, for this treatment.  Instead, he states, “Appellee, 
for an unknown reason
, targeted [Appellant] long before Appellee terminated [Appellant].” [Emphasis added.]

14:
Appellant also failed to bring forth any evidence of publication by Alfano, Byars, Faulkner, or Maxwell to anyone outside of Appellee’s company, or to any specific person within Appellee’s company.  
See Drummonds
, 938 S.W.2d at 147 (stating that to be actionable, a slanderous statement about the plaintiff must be published to “some third person”).
  None of the evidence in the record connects any alleged statement by Alfano, Byars, Faulkner, or Maxwell to Appellant at the termination meeting with anyone outside of Appellee’s company, and the uncontroverted evidence contained within their affidavits provides their affirmative statements that they did not tell anyone that Appellant was terminated for theft or for filing a false or fraudulent expense report and that they had not discussed the reasons for his termination with anyone except those present at the meeting with Appellant, Appellee’s employees, and Appellee’s attorneys.

15:
Also known as “Sharon Steinman” professionally and occasionally so referred to in the record. 

16:
Mulvey’s answer to Appellant’s question about whether Ellman said something to him concerning Appellant’s termination was, “I really don’t want to talk about it.”

17:
With regard to Appellant’s contention about defending himself, he refers us to the portion of his deposition pertaining to his conversation with Mulvey. We reviewed that portion of the record above; Appellant approached Mulvey and after asking him about Ellman, informed Mulvey that he had been wrongfully terminated for falsifying his expense report.  There is nothing in the record to suggest that Mulvey asked Appellant about his termination or that Mulvey had any authority to employ Appellant.  To the contrary, Appellant testified that Mulvey was only a staff photographer and part-time editor.

Appellant also asserts that, “even absent actual verbal or written publication,” Appellee’s actions implied a defamatory communication by investigating him, meeting with other employees to discuss the alleged falsification, explaining to other employees the reason for his termination, and terminating his employment.  However, he cites us to no Texas law to support such a claim.  We decline the invitation to reconsider adopting a rule under which the very act of firing an employee would constitute a defamatory statement.  
See Drummonds
, 938 S.W.2d at 150. 

18:
The deposition excerpts make clear that every time he told someone that he had been terminated, he informed that person that he was “falsely accused of falsifying records.”