In The



Court of Appeals



Ninth District of Texas at Beaumont



 ______________________ 


 

NO. 09-07-411 CV


 ______________________



SANDRA N. PONDER, Appellant



V.



COLIN L. HALES, Appellee






On Appeal from the 136th District Court


Jefferson County, Texas


Trial Cause No. D-175,517







MEMORANDUM OPINION

 Sandra N. Ponder sued her former employer, Colin L. Hales, for breach of contract,
misrepresentation, fraudulent inducement to enter into a contract, promissory estoppel, 
assault, battery, intentional infliction of emotional distress, and wrongful termination. The
trial court granted partial summary judgment in favor of Hales as to all claims except assault
and wrongful termination. At the trial on those two claims, the jury returned a verdict in
favor of Hales. The trial court rendered judgment that Ponder take nothing and pay all costs. 
Ponder appeals. 

 In issue one, Ponder claims jury misconduct. Ponder's second, third, fourth, and fifth
issues assert the evidence was factually insufficient to support the jury's findings. Ponder's
sixth, seventh, eighth, and ninth issues challenge the jury's failure to award damages. 
Because we find no reversible error in the jury voir dire or the jury's findings, we affirm the
trial court's judgment. 

Jury Misconduct

 Ponder claims the presiding juror, in response to the judge's question to the voir dire
panel, did not disclose she knew Ponder, and this was jury misconduct. In her affidavit,
Ponder avers "I personally know the presiding juror in the captioned lawsuit[.]" Rule 327(a)
of the Texas Rules of Civil Procedure provides in part: 

 When the ground of a motion for new trial, supported by affidavit, is
misconduct of the jury . . . or that a juror gave an erroneous or incorrect answer
on voir dire examination, the court shall hear evidence thereof from the jury
or others in open court, and may grant a new trial if such misconduct proved,
. . . or the erroneous or incorrect answer on voir dire examination, be material,
and if it reasonably appears from the evidence both on the hearing of the
motion and the trial of the case and from the record as a whole that injury
probably resulted to the complaining party.


Tex. R. Civ. P. 327(a). Ponder filed a timely motion for new trial in which she asserted her
misconduct claim. See Tex. R. Civ. P. 329b(a). Although the motion stated the "claim of
jury misconduct is supported by the affidavit of Sandra N. Ponder, to be filed herein," Ponder
did not attach any affidavits or supporting documents to the motion. Ponder did not file an
affidavit within thirty days of the judgment. See Tex. R. Civ. P. 329b(b). She filed her
affidavit after her motion for new trial was overruled by operation of law. See Tex. R. Civ.
P. 329b(c). Generally, if a motion for new trial asserting jury misconduct is unaccompanied
by proper affidavits or a reasonable excuse for their absence, the trial court does not abuse
its discretion in failing to order a new trial. See Clancy v. Zale Corp., 705 S.W.2d 820, 828
(Tex. App.--Dallas 1986, writ ref'd n.r.e.). Furthermore, Ponder has not demonstrated how
the failure to disclose -- that the juror and Ponder knew each other -- caused injury to Ponder. 
See Tex. R. Civ. P. 327(a). Issue one is overruled.

Sufficiency of the Evidence

 Ponder argues that the evidence was factually insufficient to support the jury's
findings that Hales assaulted her or wrongfully terminated her for a refusal to perform an
illegal act. To prevail on a factual sufficiency challenge to an adverse finding on an issue
for which the appellant had the burden of proof, the appellant must demonstrate that the
adverse finding is against the great weight and preponderance of the evidence. Dow Chem.
Co. v. Francis, 46 S.W.3d 237, 242 (Tex. 2001). After considering and weighing all the
evidence, a court of appeals will set aside the verdict if the evidence is so weak or the finding
is so against the great weight and preponderance of the evidence that it is clearly wrong and
unjust. Id.; Garza v. Alviar, 395 S.W.2d 821, 823 (Tex. 1965). The jury is the sole judge of
the credibility of witnesses. Golden Eagle Archery, Inc. v. Jackson, 116 S.W.3d 757, 761
(Tex. 2003). 

Assault

 Ponder challenges the jury's finding that Hales did not assault Ponder after July 20,
2003. (1) The jury was instructed that "[a] person commits an assault if he (1) intentionally,
knowingly, or recklessly causes bodily injury to another; (2) intentionally or knowingly
threatens another with imminent bodily injury; or (3) intentionally or knowingly causes
physical contact with another when he or she knows or should reasonably believe that the
other will regard the contact as offensive or provocative." 

 Ponder testified that Dr. Hales hired her as a referral clerk in August 1999. She stated
the atmosphere at work was very professional during the first three months of her
employment. At some point, Hales began wanting to meet with Ponder in his office for
forty-five minutes to an hour every morning to discuss his personal life. Hales would hug
her and "would slip a kiss in or try to." He would sit close to her on his couch, caress her
hands, and put his arm underneath her arm. He would rub himself against her, and she would
push away from him. This touching was uninvited and offensive to Ponder. She described
other offensive conduct and comments. Ponder stated that the uninvited and unwanted
touching occurred every day and continued until she was fired. According to Ponder, she
responded repeatedly that she was married and not interested. 

 Hales provided a different story. He testified that in January 2000, Ponder began
giving him a big hug at the beginning and end of each day. He would sit with her on the
couch in his office and talk about his problems raising his six children and his depression
since his wife's death. He told her he did not want a girlfriend or sex, but wanted a wife. 
He admitted kissing her on the cheek once, but denied other testimony by Ponder.

 Hales stated that in 2000, Ponder informed him that she was not going to marry him. 
After Hales's state board exam in 2000, he stopped thinking about Ponder and began
searching on the internet for a wife. In 2001 he married a Russian woman, Yelena, whom
he met over the internet. He had no further romantic interest in Ponder. The jury saw
pictures of Ponder at the wedding, as well as at the baby shower for Yelena. 

 Wendy Tate, a co-worker of Ponder's at Hales's office, testified that there seemed to
be a mutual attraction between Hales and Ponder. Tate was under the impression that Ponder
was not married. Tate observed that after Hales took his state board exam, the relationship
changed. The long meetings between Hales and Ponder ceased. The office staff then began
helping Hales find a wife from Russia. After Hales married Yelena, Tate did not notice any
further relationship between Hales and Ponder. Although Ponder received special treatment
in the beginning, once Hales met Yelena, Ponder was treated similarly to her co-workers.

 Terri Miller, another co-worker, stated that there was a four-or-five-month time period
after Ponder was hired when Hales and Ponder seemed mutually interested in each other. 
Miller stated that Ponder would come in to work in the mornings and want to know if Hales
was there yet. Ponder would ask Miller to let her know when Hales arrived so that Ponder
could hug him. When Hales arrived for work, Ponder would give him a hug and they would
go into the office and talk. At the end of the day, Ponder would look for Hales, tell him
goodbye, and hug him. Ponder never complained to Miller that Hales was bothering her. 
Miller observed that once Hales began looking on the internet for a wife, Ponder no longer
sought out Hales to hug him. At the time of trial, Miller was still employed with Hales and
had been working for him for sixteen years. She said that Ponder was known at the office
as "the drama queen." 

 As the judge of the credibility of the witnesses, the jury reasonably could have
believed Hales and not Ponder, and reasonably could have believed only some of the
testimony of Miller and Tate. See Golden Eagle Archery, 116 S.W.3d at 761. The jury heard
testimony that Hales's conduct toward Ponder changed in 2001 after he married Yelena. The
evidence is sufficient to support the jury's finding. The jury's finding that Hales did not
assault Ponder after July 20, 2003 was not against the great weight and preponderance of the
evidence. We overrule Ponder's second and fourth issues.

Wrongful Termination

 In issues three and five, Ponder challenges the jury's finding that Hales did not fire
her solely because she refused to commit an illegal act. Ponder's wrongful termination claim
is based on the narrow exception to at-will employment created in Sabine Pilot Serv., Inc.
v. Hauck, 687 S.W.2d 733 (Tex. 1985). This exception makes it unlawful to terminate an
employee if the sole reason for the termination is her refusal to perform an illegal act. Id. at
735. Ponder claims she was discharged for the sole reason that she refused to commit the
illegal act of prostitution. The jury was instructed in the charge that a person commits
prostitution if the person knowingly (1) "offers to engage, agrees to engage, or engages in
sexual conduct for a fee;" or (2) "solicits another in a public place to engage in sexual
conduct for hire."

 According to Ponder, Hales asked her to have sex with him in exchange for things of
value. He offered to pay for her son's college expenses and to buy her a new car. He told
her she would not have to care for his six children or work. She testified he told her he loved
her and that he would give her these things if she would have sex with him. However, during
a portion of her deposition, which was played for the jury during trial, she was asked whether
she had been asked to do anything improper, and she replied, "I don't recall at this time." 
 She explained to the jury that she was fired in June 2005. She had become ill in
March 2005, and Hales, who was also her family physician, treated her with antibiotics. 
Hales referred her to an ear, nose, and throat specialist after her condition worsened. 
According to Ponder, the specialist suggested that she see an infectious disease specialist and
Ponder informed him that Hales was planning on referring her depending on the outcome of
the examination. She went back to Hales's office, used his phone while in his presence,
called an infectious disease specialist, filled out the referral form in front of Hales, wrote
"STAT" across the top of the form as instructed by Hales, and obtained an appointment with
the infectious disease specialist. Ponder testified that the reason Hales gave for terminating
her was because she had referred herself to the infectious disease specialist without Hales's
authorization. 

 Hales testified he told Ponder that he wanted to marry her. He never talked to her
about having sex or offered her anything for sex. He told her he would treat her son as his
own and provide a college fund for him. Hales testified that he terminated Ponder for
referring herself to a specialist without his authorization. He treated Ponder for a respiratory
infection in 2005, prescribed her antibiotics, and then referred her to an ear, nose, and throat
specialist after her condition did not improve. The specialist examined Ponder and sent
Hales a letter regarding his findings and advising Ponder to take an over-the-counter
medication. Hales later learned Ponder had seen another doctor, and that she had filled out
the referral form to see that doctor without Hales's authorization. When Hales discovered
she had referred herself to a doctor, he fired her. 

 When Ponder filed for unemployment benefits, she was asked to provide a statement
as to why she was no longer employed. Her response was, "I was fired because I went to
infectious disease doctor and the doctor I worked for didn't refer me to infectious disease
doctor. This was the only reason he gave me." 

 The jury reasonably could have believed Hales's testimony. The jury's finding that
Hales did not fire Ponder for the sole reason that she refused to commit an illegal act was not
against the great weight and preponderance of the evidence. The evidence is sufficient to
support the jury's finding. Issues three and five are overruled.Damages

 Ponder's sixth, seventh, eighth, and ninth issues challenge the jury's failure to award
damages. The jury was instructed to answer the damages questions only if they answered
"yes" to the liability questions. Because the jury answered "no" to questions 1 and 3, the jury
did not answer questions 2 and 4. The jury's verdict that Hales was not liable on the assault
and wrongful termination claims was supported by sufficient evidence. Therefore, the jury
correctly declined to answer the questions on damages. Issues six, seven, eight, and nine are
overruled. We affirm the trial court's judgment.


 AFFIRMED.

 

 ____________________________

 DAVID GAULTNEY

 Justice


Submitted on January 3, 2008

Opinion Delivered May 22, 2008

 

Before Gaultney, Kreger, and Horton, JJ.
1. Ponder filed suit on July 20, 2005. The trial court took judicial notice that the two-year limitations period applied to Ponder's civil assault claim. Because of the applicable
two-year statute of limitations, the jury question on the assault claim read, "Did Colin L.
Hales commit an assault against Sandra N. Ponder after July 20, 2003?"