**SABINE PILOT SERVICE, INC., Petitioner,**

v.

**Michael Andrew HAUCK, Respondent.**

No. C–3312.

Supreme Court of Texas.

April 3, 1985.

Orgain, Bell & Tucker, Gilbert I. Low and Robert J. Hambright, Beaumont, Long, Parker, Doyle & Cichowaki, Carl A. Parker, Port Arthur, for petitioner.

Provost, Umphrey, McPherson & Swearingen, Greg Thompson, Port Arthur, for respondent.

WALLACE, Justice.

This is a suit for wrongful discharge brought by an employee, Michael Andrew Hauck. The trial court rendered summary judgment for Sabine Pilot Service, Inc., the employer. The court of appeals reversed the judgment of the trial court and remanded the cause for trial. 672 S.W.2d 322. We affirm the judgment of the court of appeals.

Hauck was a deckhand for Sabine. He testified in deposition that he was instructed that one of his duties each day was to pump the bilges of the boat on which he worked. He observed a placard posted on the boat which stated that it was illegal to pump the bilges into the water. He called the United States Coast Guard and an officer confirmed that pumping bilges into the water was illegal; therefore, he refused to do so. He further testified that he was fired for refusing to illegally pump the bilges into the water.

Sabine testified through one of its officers that Hauck was discharged because he refused to swab the deck, man a radio watch and other derelictions of duty.

In reviewing the granting of a summary judgment we must accept as true the non-movant's version of the evidence and make every reasonable inference in the non-movant's favor. *Gulbenkian v. Penn,* 151 Tex. 412, 252 S.W.2d 929 (1952). To sustain the summary judgment the movant must establish as a matter of law that no genuine issue of material fact exists. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979).

The sole issue for our determination is whether an allegation by an employee that he was discharged for refusing to perform an illegal act states a cause of action. This court in *East Line & R.R.R. Co. v. Scott,* 72 Tex. 70, 75, 10 S.W. 99, 102 (1888), held that employment for an indefinite term may be terminated at will and without cause. The courts of Texas have steadfastly refused to vary from that holding. However, in the last 30 years the courts of 22 states have made exceptions to the employment-at-will doctrine and numerous commentators have advocated exceptions to the doctrine. The exceptions advocated by the commentators and adopted by various courts range from very liberal and broad exceptions to very narrow and closely defined ones. *See* Comment, *The At-Will Doctrine: A Proposal to Modify the Texas Employment Relationship,* 36 Baylor L.Rev. 667 (1984) for a thorough discussion of the reasoning and decisions of other states concerning this issue.

Sabine contends that any exception to the employment-at-will doctrine should be statutorily created. The Legislature has created exceptions to this doctrine. TEX.REV.CIV.STAT.ANN. art. 8307c (discharge for filing a worker's compensation claim); TEX.REV.CIV.STAT.ANN. art. 5207a (discharge based on union membership or nonmembership); TEX.REV.CIV. STAT.ANN. art. 5765 § 7A (discharge because of active duty in the State Military Forces); TEX.REV.CIV.STAT.ANN. art. 5207b (discharge because of jury service); TEX.REV.CIV.STAT.ANN. art. 5221k

§ 1.02, Texas Commission on Human Rights Act (discharge based on race, color, handicap, religion, national origin, age or sex). Although the Legislature has created those exceptions to the doctrine, this court is free to judicially amend a judicially created doctrine.

 Upon careful consideration of the changes in American society and in the employer/employee relationship during the intervening 97 years since the *East Line & R.R.R. Co. v. Scott* decision, we hold that the situation which led to that decision has changed in certain respects. We now hold that public policy, as expressed in the laws of this state and the United States which carry criminal penalties, requires a very narrow exception to the employment-at-will doctrine announced in *East Line & R.R.R. Co. v. Scott.* That narrow exception covers only the discharge of an employee for the sole reason that the employee refused to perform an illegal act. We further hold that in the trial of such a case it is the plaintiff's burden to prove by a preponderance of the evidence that his discharge was for no reason other than his refusal to perform an illegal act.

The judgment of the court of appeals is affirmed.

KILGARLIN, J., files a concurring opinion in which RAY, J., joins.

KILGARLIN, Justice, concurring.

I concur with this judgment which gives Michael Hauck an opportunity to prove to a trier of fact that he was discharged for refusing to violate a law. Moreover, I heartily applaud the court's acknowledgement of the vital need for a public policy exception to the employment at will doctrine. Absolute employment at will is a relic of early industrial times, conjuring up visions of the sweat shops described by Charles Dickens and his contemporaries. The doctrine belongs in a museum, not in our law. As it was a judicially promulgated doctrine, this court has the burden and the duty of amending it to reflect social and economic changes. Our duty to update

this doctrine is particularly urgent when the doctrine is used as leverage to incite violations of our state and federal laws. Allowing an employer to require an employee to break a law or face termination cannot help but promote a thorough disrespect for the laws and legal institutions of our society.

The court admittedly carves out but one exception to employment at will, but I do not fault the court for the singleness of its exception. The issue before the court was whether a cause of action existed under this particular fact situation: termination of an employee for his refusal to violate a law with a criminal penalty. There was no need for the court to create any other exception to employment at will in order to grant Hauck his requested relief. But, our decision today in no way precludes us from broadening the exception when warranted in a proper case.

As the court opinion recognizes, over twenty-two jurisdictions have carved exceptions to the employment at will doctrine in the last thirty years. The characteristics of the cause of action for wrongful discharge in those states vary. For example, Wisconsin has instituted a narrow contract-based exception to the employment at will doctrine. *Brockmeyer v. Dun & Bradstreet,* 113 Wis.2d 561, 335 N.W.2d 834, 838 (1983). Wisconsin law now implies into each employment at will contract a provision that the employer will not "discharge an employee for refusing to perform an act that violates a clear mandate of public policy." 335 N.W.2d at 841. The Wisconsin court narrowly defined public policy to include constitutional and statutorily enunciated public policy only. The employee has to show that the dismissal violated such a policy. Then it becomes the employer's burden to go forward with evidence to show that the firing resulted from just cause, not from the employee's refusal to commit an illegal act. Hawaii has a similar exception, but uses a broader definition of public policy. Judicial decisions are included in the scope of public policy which an employer is not permitted to ask an em-

ployee to violate. *Parnar v. Americana Hotels, Inc.*, 65 Hawaii 370, 652 P.2d 625 (1982).

Washington uses the same definition of public policy as Hawaii, but the burden of proof varies slightly. The Supreme Court of Washington requires the employee to plead and prove that a public policy may have been contravened. Once the employee has met this relatively easy task, "the burden shifts to the employer to prove that the dismissal was for reasons other than those alleged by the employee." *Thompson v. St. Regis Paper Co.*, 102 Wash.2d 219, 685 P.2d 1081, 1089 (1984).

On the opposite end of the scale are New Hampshire and Massachusetts. New Hampshire may have announced the broadest of exceptions to the employment at will doctrine when it recognized a cause of action for terminations resulting from "bad faith, malice or retaliatory motives." *Monge v. Beebe Rubber Co.*, 114 N.H. 130, 316 A.2d 549 (1974). Massachusetts simply implies a good faith and fair dealing clause into each employment contract. *See Fortune v. National Cash Register Co.*, 373 Mass. 96, 364 N.E.2d 1251 (1977).

The court opinion today does not extend an employee's protection as far as any of the other states and Texas may never extend the exception to the *Monge* limit. Yet, the examples of other states will be valuable in examining exactly how broadly the exception in Texas can evolve. In the meantime, an employee in Texas finally has a cause of action when he can show that his employer fired him for his refusal to commit an illegal act.

The employee has the burden of proof and persuasion. The judge will then have to determine if a statute with a criminal penalty is involved. The jury or fact finder then must decide if the employer sought to have the employee commit an illegal act. Finally, the jury will have to answer a question similar to the following:

> Do you find from a preponderance of the evidence that the only reason for the employee's termination was his (her) refusal to commit an illegal act?

Finally, because of the limited issues presented in this case, the court does not address the matter of Hauck's measure of damages. Logically, Tex.Rev.Civ.Stat.Ann. art. 8307c (prohibition of firing an employee for filing a worker's compensation claim) should serve as a guide. If so, damages would include loss of wages, both past and those reasonably anticipated in the future, and employee and retirement benefits that would have accrued had employment continued. It would also include punitive damages. *See Carnation Co. v. Borner,* 610 S.W.2d 450 (Tex.1980).

Although I might have defined the employment at will exception differently, I concur in the court's result and am pleased that an antiquated doctrine has been overcome by the realization that modern times require modern law. I, too, would affirm the judgment of the court of appeals.

RAY, J., joins in this concurring opinion.