Carroll-M v. Black-K et al 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-96-049-CV

        MATTHEW CARROLL,

                                                                                       Appellant
        v.

        KERMIT BLACK, ET AL.,

                                                                                       Appellees
 

From the 361st District Court
Brazos County, Texas
Trial Court # 40,537-361
                                                                                                    

O P I N I O N
                                                                                                    

          Matthew Carroll sued several Texas A&M University officials claiming wrongful
discharge. The defendants filed a plea to the jurisdiction asserting the defense of sovereign
immunity. After a hearing, the court granted the defendants' plea to the jurisdiction. Carroll
appeals on one point: Does the Sabine Pilot exception to the employment-at-will doctrine apply
to public employees asserting the defense of sovereign immunity? See Sabine Pilot Serv. Inc. v.
Hauck, 687 S.W.2d 733 (Tex. 1985).
          Texas has long adhered to the employment-at-will doctrine. East Line & R.R.R. Co. v.
Scott, 72 Tex. 70, 75, 10 S.W. 99, 102 (1888). Some exceptions have been made to the doctrine
by statute. See, e.g., Tex. Labor Code Ann. § 451.001 (Vernon 1996) (discharge for filing
worker's compensation claim); Tex. Gov't Code Ann. § 554.002 (Whistleblower Act) (Vernon
Supp. 1996). In 1985, our Supreme Court created a "very narrow" judicial exception to the
employment-at-will doctrine: an employer may not discharge an employee "for the sole reason
that the employee refused to perform an illegal act." Sabine Pilot, 687 S.W.2d at 735.
          The appellees do not dispute that the Sabine Pilot exception to the at-will doctrine exists. 
Instead, they argue that the exception does not overcome their defense of sovereign immunity. 
As state officials who were acting in their official capacity, appellees assert that —absent
legislative consent or statutory exception—they are entitled to the immunity defense. See Bagg
v. University of Texas Med. Branch, 726 S.W.2d 582, 586 (Tex. App.—Houston [14th Dist.]
1987, writ ref'd n.r.e.). 
          The justifications for sovereign immunity have long been criticized.


 Green Intern., Inc.
v. State, 877 S.W.2d 428, 433 (Tex. App.—Austin 1994, writ denied, order withdrawn, dism'd). 
However, the waiver of soverign immunity is a matter properly addressed to the legislature. 
University of Texas Med. Branch v. York, 871 S.W.2d 175, 177 (Tex. 1994).
          Because we find neither legislative consent nor a statutory exception to sovereign
immunity, we cannot say the trial court erred in dismissing Carroll's suit. We affirm the
judgment.
 
                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Davis,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed December 18, 1996
Publish



ustained.

      Howard, however, failed to preserve his complaint by making an offer of proof as required
by Rule 52(b) of the Texas Rules of Appellate Procedure.


 Because nothing is presented for
review, we overrule point of error one.
      In point two, Howard contends that the court erred in restricting his impeachment of the
victim concerning statements she made that she wanted to spend the day at his house following the
incident. On direct examination, the victim testified that on the day after the incident she told
Howard that she did not feel good and wanted to go home. Howard's attorney elicited the
following testimony from the victim on cross-examination:
QNow, you claim that you told Steven that you wanted to go home the next
morning. Is that correct?
 
AYes, it is.
. . .
 
QIsn't it true that [your mother] came over to Steven's approximately between
eight-thirty and nine?
 
ANo.
 
QThat's not true?
 
ANo, it isn't.
. . .
 
QAnd isn't it true that about nine-fifteen . . . your mother, left? That's not true,
either.
 
ANo.
 
QAnd, in fact, isn't it true that you told your mother that you wanted to spend the
rest of the day there?
 
ANo, because I don't remember my mother coming.

      On cross-examination, Howard's counsel again attempted to impeach the victim's testimony
through the testimony of A. C., who testified as follows:
QDid [the victim] go home with her?
 
ANo. She said she wanted to stay—
 
[Prosecutor]: Your honor, this also is—
 
A—a little longer.
 
THE COURT: I sustain the objection and instruct the jury to disregard the last
statement of the witness whereby she said—made a statement about what was said to her
by [the victim].

      Howard argues that, because he was attempting to impeach the victim's testimony that she did
not ask to stay with him on the day following the incident, the court erred in striking A. C.'s
testimony. The State argues that the court properly sustained the objection and instructed the jury
to disregard the answer because A. C.'s answer was nonresponsive. Although the State did not
have an opportunity to give the specific grounds for its objection, if the court's decision is correct
on any theory of law applicable to the case it will not be disturbed.


 Because the court properly
instructed the jury to disregard Curry's nonresponsive answer, we overrule point of error two.
      In point three, Howard contends that the court erred in prohibiting him from offering evidence
concerning the opinion of a witness about the truthfulness of the victim. Howard attempted to
attack the victim's character for truthfulness through the testimony of Patricia Howard. On direct
examination, Patricia Howard testified as follows:
QNow, based on you living in her home, do you have an opinion as to
the—whether [the victim] is a truthful person?
 
[Prosecutor]: Your Honor, I'm going to object to this question. This witness is not
qualified. She just said she hasn't been around the victim in the past two years.
 
THE COURT: Sustained.

      Again, Howard failed to preserve his complaint by making an offer of proof as required by
Rule 52(b) of the Texas Rules of Appellate Procedure.


 Because nothing is presented for review,
we overrule point of error three.
      We affirm the judgment.
 
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed September 9, 1992
Do not publish