United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 2, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 06-10253
Summary Calendar

Candance M. Fitch
                              Plaintiff-Appellant,

versus

Reliant Pharmaceuticals, LLC
                              Defendant-Appellee.

Appeal from the United States District Court
For the Northern District of Texas
USDC No. 04-CV-615

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Plaintiff-appellant Candance M. Fitch appeals the district court's grant of summary judgment to defendant-appellee Reliant Pharmaceuticals. We affirm.

Texas is an employment-at-will state.[1] The Texas Supreme Court carved a "narrow" exception to the employment-at-will doctrine in *Sabine Pilot v. Hauck*. There, the Texas Supreme Court held that a terminated employee can recover damages against the former employer if the terminated employee can show that the "sole cause" of her termination was her refusal to perform an illegal

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1]*East Line & R.R.R. Co. v. Scott*, 72 Tex. 70, 75 (1888).

act.[2]  However, "An employer who discharges an employee both for refusing to perform an illegal act and for a legitimate reason or reasons cannot be liable for wrongful discharge."[3]

Fitch claims she was terminated for refusal to violate the Prescription Drug Marketing Act ("PDMA").  Assuming without deciding that Fitch was asked to violate the PDMA, she has failed to create a fact issue on whether such refusal was the "sole" cause of her termination.  Reliant submitted the affidavit of Doug Tate, one of Fitch's supervisors at Reliant.  Tate averred that an internal audit revealed inconsistencies in Fitch's call reports, that he received complaints from doctors that Fitch failed to show up for scheduled appointments, that doctors refused to schedule appointments with Fitch, and that Fitch submitted inconsistent expense reports.  Fitch's responded by pointing to deposition testimony in which she testified that she could not recall whether she had missed any appointments.  These equivocal statements are insufficient to create a genuine issue of material fact sufficient to survive summary judgment.  Accordingly, the district court's judgment is AFFIRMED.

---

[2]*Sabine Pilot v. Hauck*, 687 S.W.2d 733, 735 (Tex. 1985).

[3]*Tex. Dep't of Human Servs. v. Hinds*, 904 S.W.2d 629, 633 (Tex. 1995).