**Reversed and Remanded and Memorandum Opinion filed January 3, 2012.**



In The

# Fourteenth Court of Appeals

## NO. 14-11-00185-CV

### JAMES NEZAT, Appellant

### V.

### TUCKER ENERGY SERVICES, INC., Appellee

**On Appeal from the 270th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2009-44349**

## M E M O R A N D U M   O P I N I O N

James Nezat appeals from the trial court's grant of Tucker Energy Services, Inc.'s no-evidence motion for summary judgment. Nezat sued Tucker Energy for retaliatory discharge under *Sabine Pilot Service, Inc. v. Hauck*, 687 S.W.2d 733, 734-35 (Tex. 1985), alleging that Tucker Energy terminated his employment because he refused to drive a truck without a required permit. In its motion, Tucker Energy asserted that Nezat could produce no evidence that the truck required a permit or that Nezat knew the truck required a permit. The trial court granted the motion without specifying on which ground

or grounds it was being granted. In two issues on appeal, Nezat contends that he presented evidence raising a fact question regarding whether the truck required a permit and whether he knew it required a permit. We reverse and remand.

*Background*

It is undisputed that Nezat was an employee of Tucker Energy in December 2008. In his original petition, filed July 14, 2009, Nezat alleged that in mid-December 2008, his supervisor, Tane Herbert, ordered him to drive a fluid pump truck to Arkansas despite the fact that Tucker Energy knew that the truck required a permit to be operated in Arkansas and that Tucker Energy had no such permit for that vehicle for the date in question.[1] Nezat further asserted that it is a misdemeanor offense to operate a vehicle in Arkansas without a required permit.[2] He claimed that he was terminated solely for refusing to drive the truck to Arkansas without the proper permit. Nezat stated a cause of action for retaliatory discharge under *Sabine Pilot*. He sought damages for loss of earning capacity in the past and future as well as mental anguish.

On May 19, 2010, Tucker Energy filed a combined traditional and no-evidence motion for summary judgment, which the trial court denied. On November 1, 2010, Tucker Energy filed a second no-evidence motion for summary judgment. In this motion, Tucker Energy asserted that Nezat could produce no evidence that (1) the truck was overweight on the date in question and required a permit or (2) Nezat knew that the truck was overweight and required a permit on that date.

In response, and as will be discussed in more detail below, Nezat presented evidence that in December 2008, he was the sole employee of Tucker Energy responsible for or with any knowledge regarding the permitting of trucks and that the truck in

---

[1] Nezat has represented different dates on which he refused to drive the truck. In his deposition, Nezat stated that he refused on December 16, 2008. In his original petition, he stated the date as December 19. In his briefing to this court, he states December 18. Because Nezat's deposition testimony was under oath and Tucker Energy also represents December 16 as the date in question, we will assume for purposes of this opinion that December 16, 2008, is the correct date.

[2] Nezat claims that, though the truck was under the gross weight required by law, there was too much weight distributed to the two rear axles which made it require a permit.

2

question required a permit because it was overweight on its rear two axles. The trial court granted the motion for summary judgment, and Nezat now brings this appeal.

*Standard of Review*

Under the employment at-will doctrine in Texas, employment for an indefinite term can be terminated at will and without cause. *Winters v. Houston Chronicle Publ'g Co.*, 795 S.W.2d 723, 723 (Tex. 1990). In *Sabine Pilot*, the Texas Supreme Court set forth a common law exception to the employment at-will doctrine, prohibiting an employer from firing an employee solely because that employee refused to perform an illegal act. 687 S.W.2d at 735. To prevail under the "very narrow" *Sabine Pilot* exception, the former employee must prove that "his [or her] discharge was for no reason other than his [or her] refusal to perform an illegal act." 687 S.W.2d at 735.

As set forth above, Tucker Energy asserted in its no-evidence motion for summary judgment that Nezat could produce no evidence that the truck in question was overweight or that Nezat knew that it was overweight. These grounds essentially challenged Nezat's ability to prove that he refused to perform an illegal act. To defeat a no-evidence motion for summary judgment, the responding party must present evidence raising a genuine issue of material fact supporting each element contested in the motion. *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). When reviewing a trial court's grant of such motion, we consider the evidence presented in the light most favorable to the party against whom summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *Id.* We review a no-evidence summary judgment de novo. *See Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 156–57 (Tex. 2004).

*Nezat's Evidence*

The crux of Nezat's claim regarding the truck is not that it was overweight as a whole but that the rear two axles had too much weight on them, a condition which would make operation of the truck on Arkansas roads without a permit a misdemeanor offense.

3

*See* Arkansas Code §§ 27-35-101 (criminalizing operation of overweight vehicles), 27-35-203(b) (providing that two axles within 96 inches may not exceed 34,000 pounds total gross load). In response to Tucker Energy's no-evidence motion, Nezat presented the following evidence pertaining to the condition of the truck and his knowledge thereof: (1) excerpt from the deposition of Randy Nitz, president of Tucker Energy's United States operations; (2) excerpt from Nezat's deposition; (3) Nezat's affidavit; (4) excerpt from the deposition of Tucker Energy employee Bruce Lester; (5) eight Arkansas permits issued for the truck on other dates; (6) citation issued in Louisiana for the truck being overweight and unpermitted; (7) email from Nezat to Tucker Energy sent on December 19, 2008; and (8) excerpt from the deposition of Jason Pitts.

In his deposition, Nitz testified that the only person with Tucker Energy's United States operations in December 2008 with "any knowledge of permitting trucks" was Nezat. Nezat was in charge of permitting trucks for Tucker Energy, in charge of auditing the permitting process, and had all of the responsibilities for permitting Tucker Energy's trucks.

Nezat testified in his deposition that he was a fluid pump/nitrogen pump truck operator for Tucker Energy in December 2008, but he was also a safety representative for the company, and he made sure that the company's equipment "was in compliance." He further stated that when he was informed that he would be driving a particular truck to a jobsite in Arkansas, he told the job supervisor, Jason Pitts, that the truck did not have its proper permits and that he would not drive the truck without a permit. In his affidavit, Nezat stated that while the truck was underweight as a whole, "there was too much weight distributed to the two rear axles which made it require a permit. Operating a truck without a permit is a misdemeanor and illegal and I knew that on the day that Tucker fired me."

In his deposition, Lester stated that he heard from "Jason" that Nezat had refused to drive the truck because of a permitting issue. Lester further described receiving a citation in Louisiana in November 2008 for driving a Tucker Energy Truck that was

4

"over axle weight." The citation itself also was attached to Nezat's response. It is undisputed that the truck in question was the same one that Nezat refused to drive and that was the subject of the Arkansas permits discussed next.

Each of the eight permits attached to Nezat's response show the same truck with the same total gross weight and same weight on the rear two axles. The combined weight on the rear two axles was 40,000 pounds, which would appear to be a violation of Arkansas law, described above, which permits two axles within 96 inches to have no greater than 34,000 pounds total gross load. *See* Arkansas Code § 27-35-203(b). Each permit was valid for between two and six days beginning on the following dates at the end of 2008 and beginning of 2009: December 11, 22, 29, and 31, and January 2, 9, 14, and 20.[3] Nezat represented to the trial court, and Tucker Energy did not dispute, that these permits were all of the permits provided by Tucker Energy in response to discovery requests covering the relevant time period. None of the permits covered the date on which Nezat claims that he was ordered to drive the truck to Arkansas without a permit, December 16, 2008.

In the email sent by Nezat to Randy Nitz and others at Tucker Energy, Nezat complained that he was fired for refusing to drive a truck to Arkansas without the proper permits. He further said that he "was just obeying the law." The email was sent on December 19, 2008.

In his deposition, Pitts stated that the weight of the truck could be reduced by removing "pieces" or "hardware" from the truck itself. He specifically noted that removing the truck's manifold would reduce the overall weight by 2,000 pounds.[4]

---

[3] The permit issued on December 11, 2008 was effective only until December 13, 2008. This would not cover any of the different dates Nezat has suggested as the date on which he refused to drive the truck.

[4] The excerpt from Pitts's deposition was attached to a supplemental response to the motion for summary judgment. In this supplemental filing, Nezat responded to Tucker Energy's assertion that the weight of the truck was not always the same. Through the excerpt from Pitts's deposition, Nezat made the point that even if it was possible to remove 2,000 pounds from the rear axles, the load on the rear axles would still be overweight under Arkansas law by 4,000 pounds.

5

*Analysis*

Tucker Energy argues that Nezat failed to produce evidence that the truck was overweight on the day he refused to drive it. Tucker Energy discounts Nezat's affidavit, in which he expressly stated that there was too much weight distributed to the two rear axles, as well as his deposition testimony, in which he explained that he refused to drive the truck because it did not have a required permit, because it maintains that Nezat contradicted this evidence in another part of his deposition which was excerpted and attached to their no-evidence motion. We may not consider this allegedly contradictory excerpt, however, because it was not part of Nezat's evidence. Evidence attached to a no-evidence motion for summary judgment can be considered *only* if it creates a question of material fact. *Binur v. Jacobo*, 135 S.W.3d 646, 651 (Tex. 2004); *Ardoin v. Anheuser-Busch, Inc.*, 267 S.W.3d 498, 502 (Tex. App.—Houston [14th Dist.] 2008, no pet.); *see also City of Keller v. Wilson*, 168 S.W.3d 802, 825 (Tex. 2005) (indicating only evidence contrary to a no-evidence motion can be considered).[5]

As the testimony of Randy Nitz, Tucker Energy's president of United States operations, made clear, Nezat was the best person at Tucker Energy in December 2008 to

---

[5] Tucker Energy cites *City of Keller* and *Farroux v. Denny's Restaurants, Inc.*, 962 S.W.2d 108, 111 (Tex. App.—Houston [1st Dist.] 1997, no pet.), in arguing that we can consider the deposition excerpt attached to its motion, but neither case supports its position. While the court in *City of Keller* did suggest that when conducting a legal sufficiency review and only circumstantial evidence is offered in support of a critical fact, a court must consider all of the circumstantial evidence relating to that fact and not just the evidence favorable to the existence of that fact. 168 S.W.3d at 814. There is no indication, however, that the *Keller* court intended for such statement to require consideration of evidence attached to a no-evidence motion for summary judgment; to the contrary, the court makes it clear in *Keller* that it is improper to attach evidence to a no-evidence motion for summary judgment. *Id*. at 825.

In *Farroux*, the First Court explained that a party cannot file an affidavit that contradicts his or her own deposition testimony, without explaining the discrepancy, for the purpose of creating a fact issue to avoid summary judgment. 962 S.W.2d at 111. However, *Farroux* was a traditional summary judgment case wherein the court could properly consider evidence filed by both sides. *Id*. at 110. Here, Nezat was under no duty in responding to the no-evidence motion to explain any discrepancy between his affidavit and deposition testimony attached to the motion. It should also be mentioned that several sister courts of appeal have declined to follow the *Farroux sham* affidavit rule. *See, e.g., El Sabor de Mi Tierra, Inc. v. Atascocita/Boone JV*, No. 14-06-00652-CV, 2007 WL 2417921, at *6-7 (Tex. App.—Houston [14th Dist.] Aug. 28, 2007, pet. denied) (mem. op.) (discussing disagreement but declining to take a side).

know whether a truck needed a permit due to being overweight. Nezat's affidavit and deposition testimony are more than a scintilla of evidence that the truck required a permit, and that he knew it required a permit, on the day he was instructed to drive the truck to Arkansas.[6]

Tucker Energy additionally challenges Nezat's reliance on the eight Arkansas permits issued for the truck during the same time period as when Nezat allegedly refused to drive the truck without a permit. Nezat argues that the permits demonstrate that the vehicle consistently weighed the same and required a permit to be driven into Arkansas during the relevant time period. Tucker Energy asserts that the permits constitute no evidence that the truck required a permit on the day Nezat refused to drive it to Arkansas. Tucker Energy argues that it would be more reasonable to infer from the eight permits that permits were obtained when required. Tucker Energy further points to Pitts's testimony that the weight of the truck could be reduced by removing pieces from the truck. However, this argument does no more than suggest that there is a fact question as to whether the truck was overweight on the rear axles on the day in question and thus required a permit. Viewed in light of the evidence that Nezat was the person at Tucker Energy in the best position to know whether the truck needed a permit, his insistence that the truck indeed did need a permit on the day in question, and the testimony from Bruce Lester that he received a citation for driving the same truck without a required permit in Louisiana, the eight permits support Nezat's contention that the truck was typically, if not always, overweight during that time period.[7]

---

[6] Although no objections were sustained against Nezat's affidavit, it is clearly not a model one. However, even if we were to disregard the affidavit, Nezat testified in his deposition that he refused to drive the truck because it required a permit and did not have one.

[7] In its brief to this court, Tucker Energy also complains that Nezat produced no evidence that he was threatened with termination if he did not drive the truck to Arkansas or that he was fired for refusing to drive the truck without a permit. Neither of these arguments was raised as a ground for summary judgment below. Thus, Nezat was not required to present evidence raising a fact issue on these points. *See Hamilton*, 249 S.W.3d at 429. Additionally, in the fact section of its brief, Tucker Energy suggests there is no evidence that the truck did not have a permit on the day Nezat refused to drive it. This assertion also was not made below; thus, Nezat was not required to present evidence regarding lack of a

To defeat a no-evidence motion for summary judgment, the nonmovant does not have to prove his or her case, he or she merely needs to present evidence demonstrating a genuine issue of fact on the challenged elements. *Hamilton v. Wilson*, 249 S.W.3d 425, 429 (Tex. 2009). Also in this context, all evidence is considered in a light most favorable to the nonmovant. *Timpte Indus.*, 286 S.W.3d at 310. Nezat's evidence demonstrated the existence of a fact question regarding whether the truck was overweight on the day he refused to drive it and whether he knew it was overweight. Accordingly, the trial court erred in granting the no-evidence motion for summary judgment.

We sustain Nezat's issues, reverse the trial court's judgment, and remand for further proceedings in accordance with this opinion.


/s/          Martha Hill Jamison
             Justice


Panel consists of Justices Frost, Seymore, and Jamison.

---

permit. *Id.* Regardless, Nezat did produce his own deposition testimony indicating that the truck was not properly permitted on the day he refused to drive it to Arkansas.

8