**AFFIRM; Opinion Filed December 7, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-17-01334-CV

### DR. EMMANUEL E. UBINAS-BRACHE, MD., Appellant
### V.
### SURGERY CENTER OF TEXAS, LP, Appellee

**On Appeal from the 193rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-17-14588**

## MEMORANDUM OPINION

Before Justices Francis, Stoddart, and Schenck
Opinion by Justice Schenck

Dr. Emmanuel E. Ubinas-Brache appeals the trial court's summary judgment on his breach of contract claim against appellee Surgery Center of Texas, LP ("Surgery Center"). In his first issue, Dr. Ubinas[1] argues the trial court abused its discretion by implicitly denying his motion to continue the summary judgment hearing. In his second issue, Dr. Ubinas urges Surgery Center breached its contract with him by requiring him to perform under the contract in a manner he alleges violates federal law. In his third issue, he asserts that a partner to a partnership agreement that allows termination without cause cannot be terminated for an illegal reason. We affirm the trial court's judgment. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

---

[1] In his brief, appellant refers to himself as "Dr. Ubinas." We will do the same.

BACKGROUND

Emmanuel Ubinas is a medical doctor specializing in plastic, hand, and craniomaxillofacial surgery. Surgery Center owns and operates an ambulatory surgery center ("ASC"). In October 2010, Dr. Ubinas contributed $400,000 to become a physician limited partner in Surgery Center pursuant to the partnership agreement ("Agreement"), which, among other provisions, states that a partner (1) must derive at least one-third of his medical practice income from the performance of procedures in ASCs (one-third rule) and (2) may be terminated "for any reason, or no reason." From 2011 through 2014, Dr. Ubinas performed fifty-seven to sixty-five ASC procedures at Surgery Center's facility each year.[2] In 2015, the number of ASC procedures Dr. Ubinas performed dropped to thirty-seven, but he still fulfilled the Agreement's one-third requirement. That same year, two board members of Surgery Center's general partner told Dr. Ubinas that he needed to perform more procedures at their facility and one of them threatened his partnership would be terminated if he did not do so. On September 2, 2015, Dr. Ubinas was notified that other partners determined an Adverse Terminating Event under the Agreement had occurred, his partnership was terminated, and the amount determined to be owed to Dr. Ubinas for his partnership interest was $100.[3]

On December 7, 2016, Dr. Ubinas sued Surgery Center for breach of contract, urging Surgery Center violated a federal anti-kickback statute by requiring him to originate procedures at its facility in excess of the Agreement's one-third rule. The next month, Surgery Center counterclaimed for (1) breach of contract, (2) a declaratory judgment that Dr. Ubinas was adversely

---

[2] Dr. Ubinas testified in an affidavit that "[i]n 2011, I performed 63 cases at SCOT [Surgery Center's facility]; in 2012 I performed 57 cases at SCOT; in 2013, I performed 65 cases at SCOT; in 2014, I performed 63 cases at SCOT . . . ."

[3] The Agreement provides for both a "Terminating Event" and an "Adverse Terminating Event." In the event of the former, the partnership would have the right to purchase the terminated partner's interest for an amount equal to the fair market value price of that interest. In the event of the latter, as here, the amount to be paid by the partnership would be limited to the terminated partner's initial contribution less the aggregate amount of any previous distributions to that terminated partner, but no less than $100.

terminated consistent with the Agreement and Surgery Center owed no further payment to him, and (3) attorney's fees.

On March 1, 2017, Surgery Center filed a motion for traditional partial summary judgment, requesting dismissal of Dr. Ubinas's claim for breach of contract and grant of declaratory judgment. Dr. Ubinas filed a motion for continuance and a response to Surgery Center's motion for summary judgment, complaining of Surgery Center's lack of responses to his requests for production, as well as the short length of time since he filed his petition. The trial court did not rule on the motion for continuance and, instead, on April 10, 2017, held a hearing on Surgery Center's partial motion for summary judgment.[4] After the hearing and at the trial court's request, both Dr. Ubinas and Surgery Center provided the trial court with supplemental briefing on illegality as a defense to a claim for breach of contract and as a breach of the Agreement. On April 20, 2017, the trial court granted Surgery Center partial summary judgment on Dr. Ubinas's claim for breach of contract, but ruled against Surgery Center on its motion for summary judgment on its counterclaim for declaratory judgment. The trial court later severed Surgery Center's remaining counterclaims for breach of contract and attorney's fees. Dr. Ubinas appealed.

## DISCUSSION

In his first issue, Dr. Ubinas complains that the trial court abused its discretion by failing to grant his motion for continuance when Surgery Center sought summary judgment less than three months after Dr. Ubinas filed suit and before it produced any documents. In his motion for continuance, Dr. Ubinas argued that in order to respond to Surgery Center's motion, he needed additional time to conduct discovery to establish that he was terminated for an illegal purpose and that Surgery Center thus breached the Agreement. In his second issue, Dr. Ubinas urges Surgery

---

[4] The appellate record contains no reporter's record from this hearing. After this Court ordered the court reporter to file the record for this hearing, the court reporter responded with a letter that she had done a thorough search of her records and was certain that no record was made of that hearing.

Center breached the Agreement by requiring him to derive more than one-third of his income from performance of ASC procedures at Surgery Center's facility in violation of federal law. In his third issue, Dr. Ubinas asserts that a partner to a partnership agreement cannot be terminated for an illegal reason. We begin by addressing Dr. Ubinas's second and third issues.

Because summary judgment is a question of law, a trial court's summary judgment decision is reviewed de novo. *Learners Online, Inc. v. Dallas Indep. Sch. Dist.*, 333 S.W.3d 636, 640 (Tex. App.—Dallas 2009, no pet.). The standard of review for a traditional summary judgment motion pursuant to Texas Rule of Civil Procedure 166a(c) is threefold: (1) the movant must show there is no genuine issue of material fact and he is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed, material fact issue precluding summary judgment, the court must take as true evidence favorable to the nonmovant; and (3) the court must indulge every reasonable inference from the evidence in favor of the nonmovant and resolve any doubts in the nonmovant's favor. *See id.* (citing TEX. R. CIV. P. 166a(c)).

Dr. Ubinas maintains that Surgery Center's requirement that he perform in excess of the Agreement's one-third rule violates the following federal anti-kickback statute and a related safe harbor provision:

> Whoever knowingly and willfully solicits or receives any remuneration (including any kickback, bribe, or rebate) directly or indirectly, overtly or covertly, in cash or in kind—
>
> in return for referring an individual to a person for the furnishing or arranging for the furnishing of any item or service for which payment may be made in whole or in part under a Federal health care program, . . .
>
> . . . .
>
> shall be guilty of a felony and upon conviction thereof, shall be fined not more than $100,000 or imprisoned for not more than 10 years, or both.

42 U.S.C. § 1320a-7b (b)(1) (anti-kickback statute).

> The following payment practices shall not be treated as a criminal offense under section 1128B of the Act and shall not serve as the basis for an exclusion:

–4–

. . . .

Ambulatory surgical centers.

. . . .

> At least one-third of each physician investor's medical practice income from all sources for the previous fiscal year or previous 12-month period must be derived from the physician's performance of procedures . . . .

42 C.F.R. § 1001.952(r) (exceptions to anti-kickback statute). Dr. Ubinas points out that the one-third rule of the Agreement mirrors the language of the exception to the anti-kickback statute and argues that any requirement that he perform more than one-third of his procedures in ASCs, in excess of the Agreement's one-third requirement, would exceed the exception and thus violate the anti-kickback statute.[5]

Dr. Ubinas asserts that, by requiring him (and terminating him for his failure) to perform under the Agreement in a manner that violates the law, Surgery Center breached the Agreement. In his brief, Dr. Ubinas emphasizes that he does not assert illegality as a defense or ground to invalidate the Agreement, nor does he urge that the Agreement was illegal on its face or incapable of being performed in a legal manner.

What Dr. Ubinas thus urges this Court to conclude, as a matter of law, is that a party breaches a contract by requiring (and terminating for failure to provide) performance that violates a law. We decline to do so. Although Dr. Ubinas specifically declines to assert illegality in performance of a contract as a defense, that is exactly how Texas courts address illegality in performance of a contract. *See Leibovitz v. Sequoia Real Estate Holdings, L.P.*, 465 S.W.3d 331, 348 (Tex. App.—Dallas 2015, no pet.) (holding contract that could be performed in legal manner will not be declared void unless record establishes its illegality).

---

[5] We emphasize here that Dr. Ubinas is only pursuing a claim for breach of contract, not a claim under the anti-kickback statute, which does not provide any right for a private cause of action. *See Rzayeva v. United States*, 492 F.Supp.2d 60, 78 (D. Conn. 2007) ("No private cause of action exists under the federal health care fraud statute, 42 U.S.C. § 1320a-7b; only the federal government may bring lawsuits for the recovery of loss caused by alleged Medicare fraud . . .").

Even assuming without deciding that Surgery Center violated federal law by requiring Dr. Ubinas to derive more than one-third of his income from performance of ambulatory surgery center procedures at Surgery Center's facility, we conclude such a requirement was not a breach of the Agreement. Instead, Surgery Center's summary judgment evidence establishes that it properly acted under the Agreement in that it establishes that (1) the Agreement provides that an Adverse Terminating Event occurs when a partner "has been deemed to be unsuitable to remain a Limited Partner for any reason, or no reason" and (2) all of the limited partners other than Dr. Ubinas, as well as the general partner to the Agreement, "unanimously determined that an Adverse Terminating Event had occurred such that [Dr.] Ubinas was no longer suitable to be a Limited Partner." We overrule Dr. Ubinas's second issue.

In his third issue, Dr. Ubinas further urges that, as a matter of first impression, this Court should hold a partner cannot be terminated for an illegal reason. He relies on an opinion from the Texas Supreme Court, holding that "public policy . . . requires a very narrow exception to the employment-at-will doctrine . . . [that] covers only the discharge of an employee for the sole reason that the employee refused to perform an illegal act." *Sabine Pilot Serv., Inc. v. Hauck*, 687 S.W.2d 733, 735 (Tex. 1985). In *Sabine Pilot*, the employee was a deckhand employed at-will who was fired for refusing to follow his employer's instructions to pump the bilges of the boat on which he worked despite (1) a placard posted on the boat stating it was illegal to pump the bilges into the water and (2) confirmation from an officer of the United States Coast Guard that pumping bilges into the water was illegal. *Id.* at 734. As pointed out by the *Sabine Pilot* court, "this court is free to judicially amend a judicially created doctrine." *See id.* Here, Dr. Ubinas seeks to judicially amend a partnership agreement he negotiated and signed as one of five limited partners and pursuant to which he received approximately $1,200,000 over five years.

On the facts of this case, we decline to extend *Sabine Pilot* to a partner's termination from a partnership agreement that explicitly contemplates and allows termination without cause. *See Hancock v. Express One Int'l, Inc.*, 800 S.W.2d 634, 636 (Tex. App.—Dallas 1990, writ denied) ("It is not for an intermediate appellate court to undertake to enlarge or extend the grounds for wrongful discharge under the employment-at-will doctrine."). We overrule Dr. Ubinas's third issue.

As for Dr. Ubinas's first issue regarding whether the trial court erred by failing to grant his request for continuance, his request was premised on his desire for an opportunity to conduct discovery to establish that he was terminated for an illegal purpose and that Surgery Center thus breached the Agreement. The trial court may order a continuance of a summary judgment hearing if it appears from the affidavits of a party opposing the motion that he cannot for reasons stated, present by affidavit facts essential to justify his opposition. TEX. R. CIV. P. 166a(g). When reviewing a trial court's order denying a motion for continuance, we consider whether the trial court committed a clear abuse of discretion on a case-by-case basis. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004). We consider the following nonexclusive factors when deciding whether a trial court abused its discretion in denying a motion for continuance seeking additional time to conduct discovery: the length of time the case has been on file, the materiality and purpose of the discovery sought, and whether the party seeking the continuance has exercised due diligence to obtain the discovery sought. *Id.* Because we have decided against Dr. Ubinas's theory of breach, we conclude the trial court did not abuse its discretion in failing to grant Dr. Ubinas's request for a continuance. *See id.* A continuance would not have produced evidence to defeat Surgery Center's motion.

We overrule Dr. Ubinas's first issue.

## CONCLUSION

We affirm the trial court's judgment.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

171334F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DR. EMMANUEL E. UBINAS-BRACHE, MD., Appellant

No. 05-17-01334-CV V.

SURGERY CENTER OF TEXAS, LP, Appellee

On Appeal from the 193rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC-17-14588.
Opinion delivered by Justice Schenck, Justices Francis and Stoddart participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee SURGERY CENTER OF TEXAS, LP recover its costs of this appeal from appellant DR. EMMANUEL E. UBINAS-BRACHE, MD.

Judgment entered this 7th day of December, 2018.