**Affirmed and Opinion Filed April 29, 2019.**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

_____

### No. 05-18-00511-CV
_____

### ENCORE ENTERPRISES, INC., Appellant
### V.
### MAHESH SHETTY, Appellee

---

**On Appeal from the 134th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-17-17200**

---

# MEMORANDUM OPINION

Before Justices Myers, Osborne, and Nowell
Opinion by Justice Nowell

This is an appeal from the denial of a motion to dismiss under the Texas Citizens Participation Act (TCPA). Mahesh Shetty sued Encore Enterprises, Inc. for wrongful discharge under the *Sabine Pilot*[1] exception to the employment at-will doctrine. Shetty alleged he told Encore that a transaction did not qualify for claimed tax benefits and that the failure to disclose certain information on its financial statements was a material misrepresentation to financial institutions, including HUD, which could result in criminal liability for tax and bank fraud. Shetty refused to participate in such activities and alleged he was fired from his position as CFO as a result. In a related lawsuit filed by Encore, Shetty stated in an objection to injunctive relief that "[i]n business dealings, honest representations are a matter of public concern." Afterwards, Encore

---

[1] *Sabine Pilot Serv., Inc. v. Hauck*, 687 S.W.2d 733 (Tex. 1985).

filed a motion to dismiss Shetty's wrongful termination suit arguing Shetty admitted that his statements to Encore, which formed the basis of his lawsuit, were matters of public concern. The trial court denied the motion. We conclude that Encore failed to meet its burden to show by a preponderance of the evidence that Shetty's legal action is based on, relates to, or is in response to Encore's exercise of one of the rights defined in the TCPA. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(b). We affirm the trial court's order.

## BACKGROUND

Shetty was the CFO for Encore. He reported directly to Encore's Chairman, Bharat Sangani, and its CEO, Patrick J. Barber. After he was terminated, Shetty filed this lawsuit against Encore for wrongful termination under the *Sabine Pilot* exception to the employment at-will doctrine. Shetty claimed he was terminated because he refused to participate in allegedly criminal activity.

In his original petition, Shetty alleged that Encore sought to obtain tax benefits under I.R.C. § 1031 for the sale and purchase of certain real property. However, upon review of the financial information regarding those transactions, Shetty "expressed grave concerns to [Encore's] Chairman and CEO that the requirements of Section 1031 of the Code were not met" and could subject Encore, Shetty, and others associated with Encore to criminal prosecution. Shetty informed Encore's Chairman "that he would not be part of any attempt by Defendant, Defendant's Chairman and Defendant's CEO to make what he believed to be material and fraudulent misrepresentations to the IRS," and requested the misrepresentations be corrected.

Shetty alleged that Encore retaliated against him and terminated his employment "soon after he protested to Defendant's Chairman about the illegality of the Internal Revenue Code Section 1031 transactions and the material misrepresentations to the financial institutions, including HUD, that would subject him and others associated with Defendant to criminal

prosecution."

Shortly after Shetty filed his suit, Encore filed suit against Shetty in Collin County seeking to enjoin him from disclosing Encore's confidential information. In an objection to the injunction filed in the Collin County case, Shetty stated "[i]n business dealings, honest representations are a matter of public concern." Afterwards, Encore filed the TCPA motion to dismiss in this case, attaching the objection filed in the Collin County lawsuit[2] and a declaration signed by Barber.

Encore stated in its motion that Shetty's wrongful termination claim was based on the allegation that Shetty "made certain statements about Defendant's financial and economic dealings, and was fired because of them." Encore argued that "Plaintiff's alleged communications fall directly within the TCPA and he cannot show proof for a prima facie case; thus, his lawsuit should be dismissed." Relying on the objection filed in the Collin County lawsuit, Encore stated that Shetty admitted "his speech and lawsuit are a matter of 'public concern.'" Alternatively, Encore asserted that Shetty's communications are covered by the TCPA under the right to petition and the right of association definitions in the statute.

In response, Shetty argued that Encore failed to show that his lawsuit was based on Encore's exercise of any right protected by the TCPA. The trial court denied the motion to dismiss and Encore filed this interlocutory appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(12).

## STANDARD OF REVIEW

The TCPA "protects citizens who petition or speak on matters of public concern from retaliatory lawsuits that seek to intimidate or silence them." *In re Lipsky*, 460 S.W.3d 579, 584

---

[2] It is not clear that the referenced document was properly before the trial court. The objection is not a pleading filed in the Dallas County case and was not authenticated by an affidavit. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.006(a) (in determining whether a legal action should be dismissed, the court shall consider the pleadings and supporting and opposing affidavits). However, Shetty did not object to the document in the trial court and does not complain about it on appeal.

(Tex. 2015) (orig. proceeding). That protection comes in the form of a motion to dismiss for "any suit that appears to stifle the defendant's" exercise of those rights. *Id.* Reviewing a TCPA motion to dismiss requires a three-step analysis. *Youngkin v. Hines*, 546 S.W.3d 675, 679–80 (Tex. 2018). Initially the moving party must show by a preponderance of the evidence that the TCPA applies to the legal action against it, meaning, the legal action is based on the defendant's exercise of the rights as defined in the TCPA. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(b). If the movant meets its burden, the nonmoving party must establish by clear and specific evidence a prima facie case for each essential element of its claim. *Id.* § 27.005(c). If the nonmoving party satisfies that requirement, the burden shifts back to the movant to prove each essential element of any valid defenses by a preponderance of the evidence. *Id.* § 27.005(d).

We review de novo the trial court's determinations that the parties met or failed to meet their burdens of proof under section 27.005. *Campbell v. Clark*, 471 S.W.3d 615, 623 (Tex. App.—Dallas 2015, no pet.). We also review de novo questions of statutory construction. *Lippincott v. Whisenhunt*, 462 S.W.3d 507, 509 (Tex. 2015) (per curiam).

## DISCUSSION

In two issues, Encore argues the trial court erred by denying its motion to dismiss and failing to award Encore attorney's fees and costs under the TCPA.

Under the first step of the TCPA analysis, Encore had the burden of showing by a preponderance of the evidence that Shetty's lawsuit is based on, relates to, or is in response to Encore's exercise of the right of free speech, right to petition, or right of association. TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(b). The linchpin of the movant's exercise of the rights defined in the TCPA is a communication. *See Elite Auto Body LLC v. Autocraft Bodywerks, Inc.*, 520 S.W.3d 191, 197–98 (Tex. App.—Austin 2017, pet. dism'd). Thus, the defendant must show the plaintiff's lawsuit implicates the defendant's communications that constitute the exercise of one

–4–

of the statutorily defined rights. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.001(2), (3), (4).

Encore argues, however, that Shetty's sole claim for wrongful termination under *Sabine Pilot* is based on allegations that "[Shetty] made certain statements about Encore's financial and economic dealings, and was fired because of them." Encore maintains that "Shetty has admitted that his alleged protestations regarding these actions (and thus his speech and subsequent lawsuit) are a matter of 'public concern.'"[3] Encore further asserts that Shetty's communications are covered by the TCPA under the right to petition and right of association definitions.

These arguments, which are all based on Shetty's communications, misconstrue the TCPA standard. Under the TCPA, a defendant moving for dismissal must show the plaintiff's "legal action is based on, relates to, or is in response to the [*defendant's*] exercise of . . . the right of free speech"—that is, "a communication made in connection with a matter of public concern." *Hersh v. Tatum*, 526 S.W.3d 462, 467 (Tex. 2017) (emphasis added) (quoting TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.005(b), 27.001(3)). Here, Encore shows only that Shetty's legal action is based on, relates to, or is in response to *Shetty's* communications to Encore. The TCPA protects the defendant's exercise of the right of free speech, the right to petition, or the right of association as defined by the statute. TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.003(a) ("If a legal action is based on, relates to, or is in response to *a party's exercise* of the right of free speech, right to petition, or right of association, *that party may file* a motion to dismiss the legal action.") (emphasis added); 27.005(b). Shetty's communications do not show that Encore was exercising one of those rights.

Encore asserts Shetty's petition establishes the first step of the analysis and it need do nothing more. The basis of a legal action is determined by the plaintiff's allegations. *Hersh*, 526

---

[3] We express no opinion on whether a person's statement in a court filing that something is "a matter of public concern" satisfies the requirements of the statutory definition. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.001(7).

S.W.3d at 467. The plaintiff's petition is the "best and all-sufficient evidence of the nature of the action." *Id*. (citation omitted). We agree that "[w]hen it is clear from the plaintiff's pleadings that the action is covered by the Act, the defendant need show no more." *Id*. However, in this case it is not clear from Shetty's petition that the action is covered by the TCPA and Encore presented nothing more to show that Shetty's lawsuit was based on *Encore's* exercise of free speech, the right to petition, or the right of association. As Encore acknowledges, Shetty's lawsuit is based on and relates to Shetty's communications to Encore about the allegedly illegal activities described in his petition. Regardless of whether those communications were in connection with a matter of public concern, they are Shetty's communications, not Encore's.

Encore cites *ExxonMobil Pipeline Co. v. Coleman*, 512 S.W.3d 895 (Tex. 2017) and *Elite Auto Body LLC v. Autocraft Bodywerks, Inc.*, 520 S.W.3d 191 (Tex. App.—Austin 2017, pet. dism'd), for the proposition that it is appropriate to apply the TCPA to a former employee's claims based on communications about work. However, both of those cases dealt with lawsuits based on the defendants' communications among themselves and to third parties about the employee. *See Coleman*, 512 S.W.3d at 897 (plaintiff alleged defendants defamed him in internal company reports that resulted in his firing); *Elite Auto Body*, 520 S.W.3d at 198 (plaintiff alleged defendants wrongfully communicated plaintiff's confidential information and trade secrets to others). Further, the supreme court recognized that "TCPA applicability requires only that the *defendant's statements* are 'in connection with' 'issue[s] related to' health, safety, environmental, economic, and other identified matters of public concern chosen by the Legislature." *Coleman*, 512 S.W.3d at 900 (emphasis added).

Here, Encore's motion to dismiss did not argue that Shetty's lawsuit is based on, relates to, or is in response to Encore's communications about Shetty. Rather, Encore argued that Shetty's lawsuit is based on Shetty's communications to Encore about allegedly illegal activities that

Encore maintains are matters of public concern. But the TCPA applies only if the plaintiff's lawsuit is based on, relates to, or is in response to the defendant's, in this case Encore's, exercise of one of the protected rights. Shetty's communications do not show that his lawsuit is based on Encore's exercise of a protected right.

We conclude that Encore failed to show by a preponderance of the evidence that Shetty's lawsuit is based on, related to, or in response to Encore's exercise of the right of free speech, right to petition, or right of association as defined in the TCPA. Therefore, Encore failed to establish the first step in the TCPA analysis.

## CONCLUSION

Encore failed to meet its burden to show by a preponderance of the evidence that Shetty's lawsuit is based on, relates to, or in response to Encore's exercise of a right defined in the TCPA. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.003(a), .005(b). We overrule Encore's first issue. We need not address its second issue because the trial court properly denied the motion to dismiss. TEX. R. APP. P. 47.1. We affirm the trial court's order.


/Erin A. Nowell/
ERIN A. NOWELL
JUSTICE

180511F.P05

–7–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ENCORE ENTERPRISES, INC., Appellant

No. 05-18-00511-CV         V.

MAHESH SHETTY, Appellee

On Appeal from the 134th Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC-17-17200.
Opinion delivered by Justice Nowell.
Justices Myers and Osborne participating.

In accordance with this Court's opinion of this date, the trial court's May 2, 2018 Order Denying Defendant's Motion to Dismiss is **AFFIRMED**.

It is **ORDERED** that appellee MAHESH SHETTY recover his costs of this appeal from appellant ENCORE ENTERPRISES, INC..

Judgment entered this 29th day of April, 2019.