**Opinion filed October 30, 2020**



In The

# Eleventh Court of Appeals

_____

## No. 11-18-00272-CV

_____

## RICHARD SLADE, Appellant

## V.

## ROCKWOOD MANOR, Appellee

**On Appeal from the 385th District Court**
**Midland County, Texas**
**Trial Court Cause No. CV-53,545**

### MEMORANDUM OPINION

Richard Slade filed a wrongful termination lawsuit against his employer, Rockwood Manor, a skilled nursing facility, after Rockwood terminated his employment as a licensed vocational nurse. The trial court resolved the lawsuit when it granted Rockwood's traditional motion for summary judgment and dismissed the lawsuit. We affirm.

An unruly resident in Rockwood apparently attacked his roommate as the roommate slept in his own wheelchair. Because of the unruly resident's aggressive

behavior, a doctor was consulted, and Slade was instructed to administer a shot to the unruly resident. Slade alleged that, as he entered the unruly resident's room, the resident threw a small table at Slade. Although the resident continued to scream during the administration of the injection, Slade was able to give the shot.

Slade further pleaded that, as he was giving the injection, the resident, who remained unruly, struck him in the head. To the contrary, the resident reported that, during the process, Slade had struck him; Rockwood suspended Slade pending the outcome of an investigation. At the completion of the investigation, Rockwood fired Slade. Slade was subsequently charged with and arrested for a felony in connection with the event.

In Rockwood's answer to Slade's lawsuit, it generally denied the allegations in Slade's petition and also alleged, as an affirmative defense, among other things, that Slade was an at-will employee. Rockwood alleged that, because Slade was an at-will employee, Rockwood could terminate Slade's employment at any time, with or without cause. Rockwood also pleaded that Slade "was terminated for a legitimate, nondiscriminatory reason."

Later, Rockwood filed a traditional motion for summary judgment. Basically, as far as the issues in this appeal are concerned, Rockwood claimed that Slade was an at-will employee; that there was no employment contract between it and Slade; that, contrary to Slade's claim, an employee handbook was not a contract and did not change Slade's status as an at-will employee; and that it could fire Slade for any reason, or for no reason at all.

Slade's position throughout the proceedings in this case seems to be that the allegations that were leveled against him were not true and that, because the allegations against him were not true, his termination was not for a lawful reason. Therefore, Slade claims, Rockwood unlawfully terminated him.

We review a trial court's summary judgment ruling de novo. *City of Richardson v. Oncor Elec. Delivery Co.*, 539 S.W.3d 252, 258 (Tex. 2018). To prevail on a traditional motion for summary judgment, the burden is on the movant to prove that no genuine issues of material fact exist and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *City of Richardson*, 539 S.W.3d at 258–59. When a defendant moves for traditional summary judgment, it has the burden to either (1) disprove at least one essential element of the plaintiff's cause of action or (2) plead and conclusively establish each essential element of an affirmative defense, thereby defeating the plaintiff's cause of action. *Lujan v. Navistar Fin. Corp.*, 433 S.W.3d 699, 704 (Tex. App.—Houston [1st Dist.] 2014, no pet.).

If the movant meets its burden, the burden then shifts to the nonmovant to present evidence that raises a genuine issue of material fact that will preclude summary judgment. *Id.* A genuine issue of material fact exists when the evidence rises to a level that would enable reasonable and fair-minded people to differ in their conclusions. *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 220 (Tex. 2017) (citing *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)). When evidence is so weak as to do no more than create a mere surmise or suspicion that the fact exists, no fact issue is created. *Id.* (citing *Kia Motors Corp. v. Ruiz*, 432 S.W.3d 865, 875 (Tex. 2014)).

We review the evidence presented in the summary judgment motion and response in the light most favorable to the nonmovant, crediting favorable evidence if reasonable jurors could and disregarding contrary evidence unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We are to indulge every reasonable inference and to resolve any doubts in favor of the nonmovant. *Helix Energy Sols. Grp., Inc. v. Gold*, 522 S.W.3d 427, 431 (Tex. 2017).

The general rule in Texas is "that absent a specific agreement to the contrary, employment may be terminated by the employer or employee at will, for good cause, bad cause, or no cause at all." *Montgomery Cty. Hosp. Dist. v. Brown*, 965 S.W.2d 501, 502 (Tex. 1998). Slade maintains that Rockwood's employee manual amends or modifies his status as an at-will employee and created a contract between him and Rockwood. We cannot agree.

Rockwood's employee handbook explicitly provides that the guidelines in the handbook do not create a contract. The handbook also provides that "[t]he relationship between employees and [Rockwood] is an at-will employment relationship" and that either may terminate the relationship at any time without any reason or prior notice.

There are exceptions to the at-will doctrine. In *Sabine Pilot*, the court discussed some of those exceptions. *Sabine Pilot Serv., Inc. v. Hauck*, 687 S.W.2d 733, 735 (Tex. 1985). Those exceptions relate to termination decisions based upon race, color, handicaps, religion, filing a worker's compensation claim, union membership or nonmembership, active duty in State military forces, jury service, and refusal to perform an illegal act. *Id.* A termination for any of those reasons would be for an unlawful reason. Slade has not submitted any summary judgment evidence to show that an exception applies to his at-will status or to his termination.

By its summary judgment evidence, Rockwood established the at-will character of Slade's employment. Slade has presented nothing in response that would raise a genuine issue of material fact to preclude summary judgment. Slade had no contract with Rockwood that would limit his at-will status, and Rockwood's employee handbook did not create one. Slade did not show that there were any exceptions to his status as an at-will employee. The trial court did not err when it granted Rockwood's motion for summary judgment. We overrule Slade's sole issue on appeal.

4

We affirm the judgment of the trial court.

JIM R. WRIGHT

SENIOR CHIEF JUSTICE

October 30, 2020

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.,[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.